v.

**CABINET FOR HUMAN RESOURCES; S.M.C.; B.J.C.; and D.D.C., Appellees.**

Court of Appeals of Kentucky.

March 7, 1986.

Mark H. Flener, Huddleston Brothers & Duncan, Allen V. Graf, Cumberland Trace Legal Services, Bowling Green, for appellants.

J. William Hernandez, Cabinet for Human Resources, Frankfort, Claire Russell, Bowling Green, for appellees.

Before COMBS, HOWERTON and WHITE, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Warren Circuit Court, terminating appellants' parental rights to three minor daughters, aged seventeen, thirteen and ten.

The Cabinet for Human Resources [CHR] removed appellants' three children from their custody in 1981, after the oldest daughter reported that her father had intercourse with her. In 1982, CHR petitioned for involuntary termination of appellants' parental rights to their two younger children, alleging substantial and repeated neglect. In October of 1983, CHR filed an amended petition naming the oldest daughter, D.D.C. Following a hearing, the Commissioner recommended termination of appellants' parental rights to the oldest daughter, but concluded that the younger daughters should return home to their parents. CHR appealed that decision to the Warren Circuit Court. After considering all the evidence, the court entered an order amending and modifying the Commissioner's report so as to terminate appellants' parental rights to all three children. The court denied appellants' motion for a new trial and motion for specific findings of fact.

Appellants raise several issues on appeal. First, they allege the lower court's ruling that these three children were neglected or abused was not supported by clear and convincing evidence, as required by *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), and KRS 199.-603. We will abbreviate the evidence of abuse and neglect with regard to D.D.C., because even appellants' attorney admits that she was neglected and abused. Her mother testified that D.D.C. was sexually molested by an uncle when she was only six years old. The record shows that this uncle's sexual abuse of D.D.C. continued for at least six years. At age thirteen, D.D.C. reported that her father had intercourse with her. The father ultimately pled guilty to second-degree sexual abuse after a hung jury and mistrial.

The evidence of abuse or neglect with regard to the two other children is less conclusive. Several accidents occurred over the years involving the younger children. For example, one child was shot in the stomach while her father was cleaning a gun, and also lost a finger in a fan belt as her father worked on the car. The other child suffered a burn on her arm and cuts from broken glass in the yard. These injuries were not caused by parental abuse or neglect; the parties accept them as accidental.

Kentucky law defines an abused or neglected child as one whose parent

"inflicts or allows to be inflicted upon the child, physical or mental injury to the child by other than accidental means." KRS 199.011(6). In our opinion, CHR established appellants' abuse and neglect of their oldest daughter by clear and convincing evidence. We also recognize that the pattern of sexual abuse occurring with the older daughter could well repeat itself with the younger children. However, we are not prepared to say that such possibility constitutes clear and convincing evidence of abuse and neglect within the meaning of the statute and *Santosky v. Kramer*, 455 U.S. at 747–748, 102 S.Ct. at 1391–1392.

In this case, the record contains other evidence supporting the trial court's finding of parental abuse and neglect with respect to the younger children. For example, appellant mother stated that she did not work and her husband worked occasionally during the summer months. Neither parent appeared to have employment skills or the motivation to obtain those skills. She also testified that her husband became violent when angry and admitted that she does not stand up to him at those times and could not protect her children from him. Although the father previously confessed to having sexual intercourse with the oldest daughter, neither parent would admit the sexual abuse at the time of this proceeding. The mother has been in counselling since 1979, but the record shows that D.D.C. suffered repeated sexual abuse during that time. Both parents blame the daughter for initiating the sexual contact, and appellant mother stated that she did not believe her husband was capable of molesting one of his own children.

In our opinion, the lower court's termination of appellants' parental rights with respect to the younger children is also supported by clear and convincing evidence. We agree with the lower court's finding that "both parents are alarmingly deficient in fundamental parenting skills" and that the welfare of all the children "appears to have been adversely affected over a period of time by a general lack of careful supervision and attitudinal problems exhibited by the defendant parents." *See G.G.L. v. Cabinet for Human Resources*, Ky.App., 686 S.W.2d 826 (1985).

Next, appellants argue that the trial court rendered insufficient findings of fact with respect to the younger children. We have carefully reviewed the entire record, and we conclude that the trial court identified the major problems existing in appellants' home. Furthermore, the trial court's findings of fact are not clearly erroneous and will not be disturbed by this court. CR 52.01.

Finally, appellants contend the lower court failed to observe the clear and convincing standard of proof required by *Santosky v. Kramer*, 455 U.S. at 747–748, 102 S.Ct. at 1391–1392, because the court tried this case by deposition rather than hearing the evidence personally. We disagree. *Santosky* does not require a trial judge to personally observe the witnesses; it simply mandates fundamental fairness in termination of parental rights proceedings. This case has a most comprehensive record. The evidence establishes shocking incidents of abuse and neglect, many of which the parents admitted. Under the circumstances, the trial court's deciding this case based on the record does not offend *Santosky*.

The judgment of the Warren Circuit Court is affirmed.

All concur.