v.

**CABINET FOR HUMAN RESOURCES,**
**Commonwealth of Kentucky, Appellee.**

**No. 87–CA–2795–MR.**

Court of Appeals of Kentucky.

Aug. 26, 1988.

Kenneth A. Kennedy, Cadiz, for appellant.

Rosemary F. Center, Terry L. Morrison, Cabinet for Human Resources, Office of the Counsel, Frankfort, for appellee.

Before COMBS, CLAYTON and WILHOIT, JJ.

COMBS, Judge.

This is before the Court on motion of the appellee, Cabinet for Human Resources ("CHR") to dismiss this appeal for failure of appellant, R.L.W., to name an indispensable party to this appeal.

R.L.W.'s parental rights with respect to his daughter, L.A.K.W., were terminated by a September 18, 1987 order of the Christian Circuit Court, from which order R.L.W. appealed. In his notice of appeal, R.L.W. named himself as appellant and CHR as appellee. L.A.K.W. was not named as a party. CHR then filed this motion, to which R.L.W. did not respond.

CHR contends that children are "indispensable" parties to appeals from the termination of parental rights. There is no statute or rule requiring said children to be so named, and this Court has been unable to find any published law regarding this issue. Therefore, this question is one of first impression. In resolving it, this Court must look to general notions as to what makes a party "indispensable."

Civil Rule 19.01, captioned "Persons to be joined if feasible," states:

A person who is subject to service of process, either personal or constructive, shall be joined as a party in the action if (a) in his absence complete relief cannot be accorded among those already parties, or (b) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest. . . .

Previously, Rule 19.01 turned on whether or not parties were "indispensable." However, the rule was revised in 1969, and now provides a guide from which it may be determined whether or not a party is "necessary" to an action. Within that framework, we examine this question.

Children are required to be parties to termination actions before the circuit court. Additionally, they are entitled to a guardian ad litem who shall represent their specific interests. KRS 625.060, .080. Additionally, CR 17.03 states that actions against unmarried infants shall be defended by a child's guardian or committee, or guardian ad litem, in any event. CR 17.-03(3) states "[n]o judgment shall be rendered against an unmarried infant . . . until the party's . . . guardian ad litem shall have made defense. . . ." Although there is no statutory requirement that these children be likewise named parties to an appeal of said termination action, it would seem to this Court that under the rules previously enumerated, and as a matter of logical extension, said children should be necessary parties to any appeal. The child is,

after all, the primary focus of said appeal, and it is no less than the continued health and well-being of child which is at stake. If not named as a party, it appears that the child's ability to protect his interests would be effectively "impaired" or "impeded." CR 19.01. Therefore, this Court finds that children shall be necessary parties to any appeal from an action terminating, or failing to terminate their parents' parental rights.

Failure to name an indispensable party is grounds for dismissal of an appeal. *Yocom v. Franklin County Fiscal Court*, Ky.App., 545 S.W.2d 296 (1976). Because we hold that children are necessary parties to appeals from termination actions we ORDER that this appeal be, and it is hereby, DISMISSED.

All concur.