**CITY OF DEVONDALE, Kentucky, n/k/a City of Graymoor–Devondale, Movant,**

v.

**S.J. STALLINGS, et al., Respondents.**

No. 89–SC–169–DG.

Supreme Court of Kentucky.

Sept. 27, 1990.

Charles H. Zimmerman, Jr., Kathryn M. Callahan, Greenbaum, Boone, Treitz, Maggiolo, Reisz & Brown, Louisville, for movant.

Peter L. Ostermiller, Stallings & Stallings, Foster L. Haunz, Haunz & Lueke, Louisville, for respondents.

STEPHENS, Chief Justice.

The issue we decide on this appeal is whether CR 73.02(2), the so-called "substantial compliance" rule, applies when a notice of appeal is timely filed, but omits the names of indispensable parties. Another way of stating the issue is whether the failure of an appellant to name indispensable parties in a timely-filed notice of appeal makes the notice of appeal jurisdictionally defective.

In 1984, Devondale, a fifth-class city located in Jefferson County, passed an ordinance that proposed to annex certain adjacent tracts of land which contained sufficient population to raise the city to fourth-class status. The annexation attempt was approved at the 1984 general election, and an annexation ordinance was passed by Devondale as a result.

After the election, a group of residents in the annexed area, the respondents herein, filed a declaratory judgment action in Jefferson Circuit Court, challenging the validity of the annexation attempt. Later, over Devondale's objection, the trial court permitted the City of Louisville and Jefferson County to intervene in the lawsuit. The residents filed a motion for summary judgment, which was granted by the trial court

on September 16, 1987. On October 6, 1987, Devondale timely filed a notice of appeal. It is as follows:

### NOTICE OF APPEAL

Please take Notice that the City of Devondale (now known as the City of Graymoor–Devondale), a defendant in this proceeding, by counsel, hereby appeals to the Kentucky Court of Appeals from the final Order in the above-styled case entered by the Honorable Ken G. Corey on September 14, 1987, a copy of which is attached hereto as Exhibit A and incorporated herein by reference.

The name of the Appellees against whom this appeal is taken are S.J. Stallings, Carroll Brent, Thomas W. Filben, Jr., Thomas E. Dwyer and Tracy Dwyer, Bruce S. Young, Jr. and Linda Young, Dennis Lorenz, Sue Collingsworth, Robert W. Moore and Kay Moore, Jane Morgan, Kevin V. Doyle and Richard J. Parris.

/s/

Charles H. Zimmerman, Jr.
Greenebaum, Treitz Maggiolo
  Reisz & Brown
2700 First National Tower
Louisville, KY 40202
(502) 589–4100
Counsel for Devondale

Only the original plaintiffs were named as appellees. As can be seen above, intervenors Louisville and Jefferson County were not named as parties, but copies of the notice of appeal were served on their attorneys. It is clear from the four corners of the notice of appeal, timely filed, that these two governmental entities, both parties to the lawsuit in the trial court, were not listed in the notice of appeal.

On October 6, 1987, Devondale timely filed a prehearing statement, pursuant to CR 76.14, which also omitted Louisville and Jefferson County as parties to the appeal. Copies of this statement were similarly served on all parties in the trial court, including Louisville and Jefferson County.

At this point, then, the record shows two documents were formally filed with the appropriate court, in a timely manner. Copies of these documents were mailed to counsel for all trial court parties, even those parties omitted in the formal documents.[1]

Fifty-five days after filing its notice of appeal, Devondale moved to amend the document to include Louisville and Jefferson County as appellees in that appeal. The Court of Appeals denied this motion. In its motion to reconsider, Devondale stated:

"Jefferson County Fiscal Court and the City of Louisville are necessary parties to this appeal. *Unless the City and County are allowed to be named parties to this Appeal, it will be impossible for Appellant to obtain relief in this forum.* The Jefferson Circuit Court's order declaring Appellant's annexation ordinance void would still be in full force and effect as between Appellant and the City and County. If this Court does not grant Appellant's Motion to reconsider, it must dismiss the entire Appeal." (Emphasis added.)

The appellate court denied this motion as well.

Respondents then filed a motion in the Court of Appeals to dismiss the appeal on the grounds that Devondale had failed to join necessary parties to the appeal. This motion was denied, but following oral argument the Court of Appeals changed its mind and did, in fact, dismiss the appeal.

In its order, the court found that Louisville and Jefferson County were, in effect, indispensable parties, as Devondale had admitted in its motion to reconsider. The court said:

"Even if this Court were to grant all of the relief sought by Devondale and declare its annexation to be valid, it would not affect the finality of the circuit court's judgment as to the City of Louisville and Jefferson County. This obviously results in the untenable possibility that, should this case be reversed, the area in question would be part of the City of Devondale, and yet, to the City of Louisville and Jefferson County, the area would remain an unincorporated portion of Jefferson County subject to the City of Louisville's pending annexation plan."

Devondale's primary argument to this Court is that under the substantial compliance principle enunciated in *Ready v. Jamison*, Ky., 705 S.W.2d 479 (1986), and CR 73.02(2), as amended effective January 1, 1985, the Court of Appeals abused its discretion by refusing to permit the city to amend its notice of appeal to add the two parties. The movant argues that the City of Louisville and Jefferson County had actual notice of the appeal because they received a certificate of service. Therefore, the movant contends that it was error to deny its request to correct a technical procedural defect before any harm resulted. A majority of the Court does not agree with this position, and we therefore affirm the decision of the Court of Appeals.

■ Effective January 1, 1985, CR 73.02 was changed to mark a departure from a policy of strict compliance with the civil rules relating to appellate procedure to a new policy of "substantial compliance." CR 73.02(2), as amended, provides in pertinent part:

"The failure of a party to file notice of appeal within the time specified in this Rule [in CR 73.02(1)(a) ] ... shall result in a dismissal of the appeal. The failure of any party to comply with other rules relating to appeals ... does not affect the validity of the appeal ... but is ground only for such action as the appellate court deems appropriate, which may include:

(a) A dismissal of the appeal or motion for discretionary review,

(b) Striking of pleadings, briefs, record or portions thereof,

(c) Imposition of fines on counsel for failing to comply with these rules of not less than $250 nor more than $500, and

(d) Such further remedies as are specified in the applicable Rule."

---

1. What message these documents gave to Louisville and Jefferson County is very *clear, viz.,* that they were *not* parties to the appeal. Any other conclusion is pure speculation.

In *Ready, supra,* we applied this policy of substantial compliance to a situation where the defect in the notice of appeal was a result of failure to properly designate the final judgment appealed from, as required by CR 73.03. The notice of appeal was timely filed in *Ready,* and *all proper parties were named.* There was simply an error in designating the documents appealed from. We held that these nonjurisdictional defects in the notice of appeal should not result in automatic dismissal; rather, the Court should consider any harm or prejudice resulting from the defect in deciding the appropriate sanction. We concluded that since no substantial harm resulted to the parties, dismissal of the appeal was an inappropriate remedy. *Ready,* 705 S.W.2d at 481–82.

We agree that the substantial compliance policy, as enunciated in *Ready,* is salutary and progressive. However, the principles of *Ready* are not dispositive of this particular case.

■ *Ready,* and other Kentucky cases cited by the movant, involved defects that were nonjurisdictional in nature. It is only in this context that a discussion of substantial compliance and possible prejudice is appropriate. The case at bar involves failure to file a timely notice of appeal—a jurisdictional defect that cannot be remedied. *Manly v. Manly,* Ky., 669 S.W.2d 537, 539 (1984); CR 6.02.

■ A notice of appeal, when filed, transfers jurisdiction of the case from the circuit court to the appellate court. It places the named parties in the jurisdiction of the appellate court. *Manly,* 669 S.W.2d at 539. In the case at bar, the notice of appeal omitted two indispensable parties to the lawsuit. Therefore, the notice of appeal transferred jurisdiction to the Court of Appeals of only the named parties.

■ The movant urges us to apply the policy of substantial compliance and hold that it should have been allowed to correct this defect by amendment. The record shows that the movant attempted to amend the jurisdictional document to add the two names some 55 days after it filed its notice of appeal—well after the time for naming parties to an appeal had passed. We believe that the substantial compliance policy cannot be applied to retroactively create jurisdiction. There are policy considerations that mandate strict compliance with the time limit on filing of the notice of appeal. Potential parties to an appeal have the right to know within the time specified in the rule that they are parties.

■ The plain language of CR 73 supports this view. CR 73.02(2) singles out the timely filing of a notice of appeal as being different from other rules relating to appeals and mandates that "[t]he failure ... to file notice of appeal within the time specified in this Rule ... shall result in a dismissal of the appeal."

■ Therefore, the Court of Appeals was correct in denying Devondale's motion to amend the notice of appeal. Only the named parties, the respondents herein, were in the jurisdiction of the appellate court. The Court of Appeals also acted properly in dismissing this appeal, since that is the action which must result from Devondale's failure to name indispensable parties. *R.L.W. v. Cabinet for Human Resources,* Ky.App., 756 S.W.2d 148 (1988).

The decision of the Court of Appeals is affirmed.

COMBS, LAMBERT, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents in a separate dissenting opinion in which GANT, J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The Majority Opinion holds that failure to name certain intervening parties, to wit: Jefferson County Fiscal Court and the City of Louisville, in the Notice of Appeal was a "jurisdictional defect that cannot be remedied"; this without regard to whether these parties, or any parties, would suffer any prejudice whatsoever if the appellants were permitted to subsequently amend their notice to include such parties. The underly-

ing premise for taking this position is thus stated on p. 957 of the Opinion:

"The plain language of CR 73 supports this view."

The Majority Opinion quotes nothing in CR 73 that "supports this view," let alone any "plain language" stated therein.

CR 73.02(2) was amended, effective January 1, 1985, to overrule the former policy requiring *strict compliance* with the requirements of a notice of appeal, and to replace this policy with "a new policy of substantial compliance." *Ready v. Jamison,* Ky., 705 S.W.2d 479, 481 (1986). New CR 73.02(2) specifies that the only defect in the notice of appeal which is automatically fatal to the appeal is "the failure of a party to file notice of appeal within the time specified." *This* is not the defect in the notice of appeal now under consideration.

The rest of CR 73.02(2) specifies that "failure of any party to comply with other rules relating to appeals ... does not affect the validity of the appeal ... but is ground only for such action as the appellate court deems appropriate," which depends on whether such "failure ... to comply" has in fact prejudiced other parties to the appeal.

In the present case the appeal was dismissed without consideration of prejudice to other parties if the motion to amend the notice of appeal was granted, and without consideration of alternative sanctions as provided for in CR 73.02(2). Thus, contrary to the statement in the Majority Opinion that the "plain language of CR 73 supports this [the Majority's] view," the fact is that the "plain language of CR 73" supports the opposite view.

CR 73.02(2) and *Ready v. Jamison, supra,* effectively, and by its terms, overrules *Manly v. Manly,* Ky., 669 S.W.2d 537 (1984). The present case purports to follow *Ready,* and not to overrule it, but in fact it constitutes an aberration.

I would reverse and remand this case back to the Court of Appeals for further consideration to decide whether any party can prove prejudice would result from permitting the Notice of Appeal to be amended. If no such proof is forthcoming, the mandate of CR 73.02(2) is that the Court of Appeals should permit the Notice of Appeal to be amended and utilize other less drastic sanctions provided for by the Rule. Our policy is to decide appeals on the merits and not on insubstantial technicalities, and we should be consistent with our policy. The present case presents circumstances where the parties named as appellees in the Notice of Appeal are permitted to benefit from a technicality, failing to name intervenors, City of Louisville and Jefferson County, who may technically be indispensable, but who probably are not affected by the outcome of the appeal one way or the other. There is no reason why in such situations a named appellee, the party truly interested in the outcome of the lawsuit, should be able to prevent the appellant from reaching the merits of the controversy.

GANT, J., joins this dissent.