**R. C. R., Appellant,**

**v.**

**COMMONWEALTH of Kentucky CABI-NET FOR HUMAN RESOURCES (Now Cabinet for Families and Children) In re Minor Children D.A.R., C.J.R.,Jr., and B.C.R., Appellees.**

No. 1996–CA–003448–MR

Court of Appeals of Kentucky.

Nov. 25, 1998.

Ordered Published by
Court of Appeals Jan. 15, 1999.

As Modified Jan. 29, 1999.

Larry H. York, Appalachian Research and Defense Fund of Kentucky, Inc., Barbourville, Kentucky, for Appellant.

J. William Hernandez, Commonwealth of Kentucky Cabinet for Families and Children, Frankfort, Kentucky, for Appellees.

Before COMBS, HUDDLESTON and KNOPF, JUDGES.

*OPINION AND ORDER*

This is an appeal by R.C.R. from a Clay Circuit Court order terminating her parental rights to her children, D.A.R., C.J.R., JR., and B.C.R. The trial court's order terminating custody is supported by clear and convincing evidence that the children are abused or neglected and that it is in their best interest to have their mother's parental rights terminated. Accordingly, we affirm.

D.A.R. was born on July 24, 1986; C.J.R., Jr., was born on August 13, 1988; and B.C.R. was born on January 27, 1992. By order of the Clay District Court, the children are committed to the Cabinet and are presently in a state-approved home. On August 4, 1995, the Cabinet for Human Resources (now the Cabinet for Families and Children) filed a petition for the involuntary termination of the parental rights of the children's biological mother, R.C.R., and biological father, C.J.R. The matter was heard on October 29, 1996. On December 3, 1996, the trial court issued an order terminating the parental rights of the parents. This appeal followed.[1]

R.C.R. argues that the trial court erred in terminating her parental rights because (1) the Cabinet failed to comply with its statutory duty to provide services to R.C.R.; (2) the Cabinet has not followed its own program manual; and (3) the Cabinet failed to prove by clear and convincing evidence the existence of a ground for terminating her parental rights. The parental rights termination statute, Ky.Rev.Stat. (KRS) 625.090, provides, in pertinent part, that:

> The Circuit Court may involuntarily terminate all parental rights of a parent of a named child, if the Circuit Court finds from the pleadings and by clear and convincing evidence that the child has been adjudged to be an abused or neglected child by a court of competent jurisdiction or is found to be an abused or neglected

---

1. The father, C.J. R., did not appeal the termination of his parental rights.

child by the Circuit Court in this proceeding and that termination would be in the best interest of the child. No termination of parental rights shall be ordered unless the circuit court also finds by clear and convincing evidence the existence of one (1) or more of the following grounds:

. . . . .

(d) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child;

. . .; or

(f) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child.

■ In summary the statute requires a finding (1) that the child, by clear and convincing evidence, is an abused or neglected child;[2] (2) that the termination would be in the best interest of the child; (3) one or more of the factors set out in subsection (1)(a)-(f) are present. In its order terminating parental rights, the trial court found that the children were abused and neglected children and made additional findings convincingly supporting its conclusion. Testimony, accepted by the trial court, demonstrated that the children had been subjected to a dysfunctional family environment permeated by child neglect, chronic alcoholism, violence, spouse abuse, truancy and gun play. In the testimony many incidents of violence in the home were described including the shooting of a third party by C.J.R. On another occasion C.J.R. bludgeoned R.C.R. over the head with a shotgun. On another occasion, C.J.R., while intoxicated, engaged in a stand-off with the state police and refused to allow the children to leave the home. There was also testimony that the parents often engaged in drinking and, as a result, the parents neglected to see that the children attended school. C.J.R. admitted to a history of alcohol and spouse abuse. The evidence also established that on one occasion C.J.R. physically abused D.A.R. by slamming her head against the dashboard of an automobile. While it is true that C.J.R. was most often the instigator of these incidents, the trial court found that R.C.R. failed to take action to provide for the protection and physical and emotional well being of the children. As a result of these episodes, the children have been repeatedly removed from their parents' home and placed in foster care.

■ The trial court has broad discretion in determining whether the child fits within the abused or neglected category and whether the abuse or neglect warrants termination. *Department for Human Resources v. Moore*, Ky.App., 552 S.W.2d 672, 675 (1977). This Court's review in a termination of parental rights action is confined to the clearly erroneous standard in CR 52.01 based upon clear and convincing evidence, and the findings of the trial court will not be disturbed unless there exists no substantial evidence in the record to support its findings. *V.S. v. Commonwealth, Cabinet for Human Resources*, Ky.App., 706 S.W.2d 420, 424 (1986). "Clear and convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence suffi-

2. Ky.Rev.Stat. (KRS) 600.020(1) defines "abused or neglected child" as a child "whose health or welfare is harmed or threatened with harm when his parent, guardian, or other person exercising custodial control or supervision of the child: inflicts or allows to be inflicted upon the child physical or emotional injury by other than accidental means; creates or allows to be created a risk of physical or emotional injury to the child by other than accidental means; commits or. allows to be committed an act of sexual abuse, sexual exploitation, or prostitution upon the child; creates or allows to be created a risk that an act of sexual abuse, sexual exploitation, or prostitution will be committed upon the child; . . . ."

cient to convince ordinarily prudent-minded people." *Rowland v. Holt*, Ky., 253 Ky. 718, 70 S.W.2d 5, 9 (1934). The numerous episodes described in the record involving domestic violence, drunkenness, irresponsible use of firearms, and general neglect convince us that the trial court did not clearly err when it determined that the children are abused or neglected.

■ The second prong of KRS 625.090 requires a finding that the termination of parental rights would be in the best interest of the child. In determining the best interest of the child and the existence of a ground for termination, the circuit court is required to consider the following factors set forth in KRS 625.090(2):

(a) Emotional illness, mental illness, or mental deficiency of the parent as certified by a qualified mental health professional, which renders the parent consistently unable to care for the immediate and ongoing physical or psychological needs of the child for extended periods of time;

(b) Acts of abuse or neglect toward any child in the family;

(c) If the child has been placed with the cabinet or a child-placing agency or child-caring facility, whether the cabinet has rendered or attempted to render all reasonable services to the parent which reasonably might be expected to bring about a reunion of the family, including the parent's testimony concerning the services and whether additional services would be likely to bring about lasting parental adjustment enabling a return of the child to the parent within a reasonable period of time, considering the age of the child;

(d) The efforts and adjustments the parent has made in his circumstances, conduct, or conditions to make it in the child's best interest to return him to his home within a reasonable period of time, considering the age of the child;

(e) The physical, emotional, and mental health of the child and the prospects for the improvement of the child's welfare if termination is ordered; and

(f) The payment or the failure to pay a reasonable portion of substitute physical care and maintenance if financially able to do so.

We see no basis to conclude that the trial court erred in determining that it was in the best interest of the children that R.C.R.'s parental rights be terminated. In a trial without a jury, the findings of the trial court, if supported by sufficient evidence, cannot be set aside unless they are found to be "clearly erroneous." Ky. R. Civ. Proc. (CR) 52.01; *Stafford v. Stafford*, Ky.App., 618 S.W.2d 578 (1981). This principle recognizes that the trial court had the opportunity to judge the witnesses' credibility. Without the rule, actions would be tried anew upon appeal. *Id.* at 579.

At the hearing for termination of parental rights, ample testimony was presented supporting the trial court's conclusion that it would be in the best interest of the children for R.C.R.'s parental rights to be terminated. In addition to the incidents already discussed, the trial court also concluded that R.C.R.'s long history of association with the Cabinet was because of her inability to provide a stable, nurturing environment for her children due to alcohol abuse. The trial court also found that R.C.R. has failed to provide for the protection, nurturing, and physical and emotional well being of the children. It was also the trial court's finding that R.C.R. had failed to follow through with the self-help programs provided by the Cabinet and that the children experience delayed academic skills because of numerous absences from school due to their parents' intoxication.

■ Based upon these factors, among others, the trial court determined that it would be in the best interest of the children if R.C.R.'s parental rights were terminated. While R.C.R. obviously disagrees with the conclusions of the trial court, when the testimony is conflicting we may not substitute our decision for the judgment of the trial court. *Wells v. Wells*, Ky., 412 S.W.2d 568, 571 (1967).

■ The final prong of KRS 625.090 requires a finding by clear and convincing evidence of one of the factors set forth in KRS 625.090(1)(a)–(f). R.C.R. argues that the

Cabinet failed to prove by clear and convincing evidence the existence of one of these grounds. In the case *sub judice* the trial court specifically found that the grounds set forth in (d) and (f) were present. There is substantial evidence to support the trial court's determination. Thus, we cannot conclude that its findings are clearly erroneous. Nor can we say, after review of the record and the findings of fact made by the trial court, that the Cabinet has failed to meet its burden of proving its case by clear and convincing evidence as required by KRS 625.090. *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *O.B.C. and F.D.C. v. Cabinet for Human Resources*, Ky.App., 705 S.W.2d 954 (1986); and *V.S. and H.S. v. Commonwealth Cabinet for Human Resources*, Ky.App., 706 S.W.2d 420 (1986). Accordingly, we reject R.C.R.'s argument that the evidence did not support a finding that one of the six factors enumerated in KRS 625.090(1) existed.

R.C.R.'s argument that the trial court erred because the cabinet failed to comply with its statutory duty to provide services is unpersuasive. R.C.R. argues that if termination of parental rights becomes a goal the Cabinet has a mandate, pursuant to 905 Ky. Adm. Reg. (KAR) 1:330 sec. 18(6), to continue case planning and service delivery until the judgment order is received. R.C.R. argues that after the children were removed to foster care in December 1996, the Cabinet did not fulfill this obligation. It is evident from the hearing that a wide range of counseling and other efforts were undertaken to resolve the unfortunate situation for the children that had been created by C.J.R. and R.C.R. The trial court specifically found that the Cabinet had "done all that is required in its attempts to reunite the family unit." As there is clear and convincing evidence in the record to support this finding, the finding was not clearly erroneous.

For similar reasons, R.C.R.'s argument that the Cabinet failed to follow its own program manual is not a basis for reversal. She alleges that the Cabinet did not present proof that it had considered alternatives to the termination of parental rights, such as relative placement. Under KRS Chapter 625, proof that this alternative has been considered is not required to terminate parental rights. Once the conditions of terminating parental rights are met, it is the duty of the Cabinet to then act in the best interests of the children. Placement with relatives may be an option for consideration, but nothing more. *V.S. v. Cabinet*, Ky.App., 706 S.W.2d 420, 426 (1986).

Finally, we also deny the pending motion to dismiss, which was passed to this panel on the merits, whereby the Cabinet sought to have this appeal dismissed on the ground that the body of R.C.R.'s notice of appeal fails to name the children as a party to the appeal. True enough, a child is an indispensable party to an appeal concerning the termination of his or her parents' parental rights, and the failure to name that child as a party to such an appeal is grounds for dismissal of the appeal. *R.L.W. v. Cabinet for Human Resources*, Ky.App., 756 S.W.2d 148 (1988). *See also City of Devondale v. Stallings*, Ky., 795 S.W.2d 954 (1990). The instant proceeding, however, involves a situation which is distinguishable.

As in *R.L.W., supra*, the children were not listed as a party in the body of the notice of appeal. *See also Stallings, supra.* However, unlike the situations in *R.L.W.* and *Stallings*, the children were named in the caption of the notice of appeal as being the party "in the interest of" whom the appeal was filed. Moreover, the children's guardian ad litem was served with copies of all relevant pleadings.

Obviously, R.C.R.'s notice of appeal was poorly drafted. Nevertheless, *Blackburn v. Blackburn*, Ky., 810 S.W.2d 55 (1991), relaxed the standards for compliance with CR 73.03, and so we are compelled to conclude that the inclusion of the children's names in the caption of the notice of appeal was sufficient to confer upon this Court jurisdiction over the children, to provide the parties with fair notice of the appeal, and to identify the parties thereto. Hence, the pending motion to dismiss is DENIED.

The order of the trial court is affirmed.

ALL CONCUR.

ENTERED: November 25, 1998.

/s/ Joseph R. Huddleston
Judge, Court of Appeals