RENDERED: OCTOBER 28, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2020-SC-0572-DGE

M.A.B.                                                                                          APPELLANT


ON REVIEW FROM COURT OF APPEALS
V.               NOS. 2019-CA-1832 & 2019-CA-1834
BARREN CIRCUIT COURT NOS. 19-AD-00029 & 19-AD-00030


COMMONWEALTH OF KENTUCKY,                                       APPELLEES
CABINET FOR HEALTH AND
FAMILY SERVICES; J.A.M., A MINOR
CHILD; AND M.L.D.M., A MINOR CHILD

### OPINION OF THE COURT BY JUSTICE LAMBERT

### REVERSING AND REMANDING

M.A.B. appeals a decision of the Court of Appeals that dismissed her appeal from an order of the Barren Circuit Court that terminated her parental rights. The Court of Appeals held that M.A.B.'s failure to name the children in her notice of appeal was a jurisdictional defect that required dismissal. After review, we reverse and remand to the Court of Appeals for consideration of M.A.B.'s appeal on the merits.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The dispositive facts of this case are not in dispute. On May 22, 2019, the Cabinet for Health and Family Services (Cabinet) filed a petition for the involuntary termination of M.A.B.'s parental rights to her twin children. Included in the Cabinet's petition was a motion for the appointment of a guardian *ad litem* for the children, which was granted.

On November 13, 2019, the Barren Circuit Court entered an order that terminated M.A.B.'s parental rights to the twins. On December 2, 2019, M.A.B. filed a timely notice of appeal from the circuit court's order. The children's guardian *ad litem* was served with the notice of appeal, via the clerk's added distribution notation. However, M.A.B. failed to include the names of the children in either the caption or body of the notice of appeal. M.A.B.'s notice of appeal read as follows:

CIVIL ACTION NO. 19-AD-00030

COMMONWEALTH OF KENTUCKY/
CABINET FOR HEALTH AND FAMILY SERVICES    PETITIONER

**<u>NOTICE OF APPEAL</u>**

[M.A.B.] AND [J.A.M.][1]       RESPONDENTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice is given that [M.A.B.], Respondent in this proceeding, hereby appeals to the Kentucky Court of Appeals the Order Terminating Parental Rights and Order of Judgment entered November 13, 2019. [M.A.B.] shall be the Appellant.

The name of the Appellee against whom this appeal is taken is the Commonwealth of Kentucky Cabinet for Health and Family Services.

This 27th day of November, 2019.

Accordingly, the Court of Appeals, *sua sponte,* entered a show cause order against M.A.B. requesting that she show cause why the appeal should

---

[1] J.A.M. is the children's father.

not be dismissed for failure to comply with CR[2] 73.03(1), which directs that the "notice of appeal shall specify by name all appellants and all appellees[.]" In her response, M.A.B. asserted that, although she failed to name the children, she substantially complied with CR 73.03 by serving the children's guardian *ad litem* with the notice of appeal. She reasoned that "[t]he primary purpose of a Notice of Appeal is to give notice of the appeal to those who need to know." And, because the children in this case are minors, "the person who needs to know is the guardian *ad litem* for the child." Finally, she noted that since the children's guardian *ad litem* was aware of the appeal, they were not prejudiced by her failure to name them. M.A.B. did not file a motion to amend her notice of appeal to include the children as parties.

A split motion panel agreed with M.A.B. The majority held that M.A.B. showed sufficient cause for the matter to proceed to the Court of Appeals' active docket. The dissenting judge argued that failure to name the children was a jurisdictional defect and that the case should therefore be dismissed.

The case was then submitted to the merits panel. By split decision, the Court of Appeals held that serving the children's guardian *ad litem* with the notice of appeal was insufficient to cure the jurisdictional defect of failing to name the children in either the caption or body of the notice of appeal.[3] It therefore, ordered that the appeal be dismissed.[4] Judge Kelly Thompson

---

[2] Kentucky Rule of Civil Procedure.

[3] *M.A.B. v. Cabinet for Health & Fam. Servs.*, 2019-CA-001832-ME, 2020 WL 5587377, *1 (Ky. App. Sept. 18, 2020).

[4] *Id.* at *2.

dissented by separate opinion.[5]  While he agreed that children are indispensable parties to a termination of parental rights appeal, he contended that giving notice to the children's guardian *ad litem* was sufficient to protect their interests.[6]  He therefore asserted that our existing substantial compliance approach to CR 73.03 should be extended to prohibit dismissal of an appeal under the factual scenario presented by this case.[7]  Stated differently, Judge Thompson asserted that substantial compliance should be found if the child's guardian *ad litem* received appropriate notice of the appeal notwithstanding that the child was not named in the notice of appeal.[8]

Thereafter, M.A.B. filed a motion to reconsider, which was denied.  This appeal followed.

## II.  ANALYSIS

We hold that substantial compliance with CR 73.03 shall be found if a guardian *ad litem* is given adequate notice of an appeal from a termination of parental rights, notwithstanding that the notice of appeal failed to name the child or children.  This Court acknowledges that our holding today is an extension of our existing substantial compliance approach, but we can no longer justify the elevation of form over substance in such cases.  Nor can we rationalize the denial of access to an appellant's constitutional right to an

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at *3.

[8] *Id.*

4

appeal[9] based entirely on a technicality.  This is particularly so in light of the fact that a child's interests are fully protected if their guardian *ad litem* is given notice of the appeal.  Accordingly, we hold that service of the notice of appeal upon a child's guardian *ad litem* is sufficient to provide adequate notice to the child and to confer jurisdiction over that child to an appellate court.

The policy of substantial compliance with the Civil Rules that govern all civil appeals[10] is reflected in CR 73.02(2), which provides:

> (2) The failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial.  Failure to comply with other rules relating to appeals or motions for discretionary review does not affect the validity of the appeal or motion, but is ground for such action as the appellate court deems appropriate, which may include:
>
> > (a) A dismissal of the appeal or denial of the motion for discretionary review,
> >
> > (b) Striking of pleadings, briefs, record or portions thereof,
> >
> > (c) Imposition of fines on counsel for failing to comply with these rules of not more than $500, and
> >
> > (d) Such further remedies as are specified in any applicable Rule.

Thus, CR 73.02 expressly states in pertinent part that the only time the dismissal of an appeal is mandated for failure to comply with a Civil Rule is

---

[9] Ky. Const. § 115 ("In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court[.]").

[10] *See* CR 73.01(1) ("Rules 73, 74, 75 and 76 apply to all appeals in civil actions except as otherwise provided in Rule 72 [appeals from district court to circuit court], Rule 98 [procedures for video recorded court proceedings and appeals] or in statutes creating special remedies.").

when a party fails to file a timely notice of appeal. Failure to comply with *any other rule* does not affect the validity of the appeal, and an appellate court may take any action it deems appropriate in response to that failure to comply. In addition, CR 73.03(1) states that "the notice of appeal shall specify by name all appellants and all appellees ('et al.' and 'etc.' are not proper designation of parties) and shall identify the judgment, order or part thereof appealed from."

In *Ready v. Jamison*, this Court discussed for the first time the policy shift embodied in the then-recently amended CR 73.02.[11] In *Ready*, this Court addressed three cases that were consolidated for the purposes of appeal.[12] In each case, the alleged defect in the notice of appeal was that it "erroneously stated that the appeal was being taken from an order of the court overruling a post judgment motion instead of specifying that the appeal was taken from the judgment itself."[13] In other words, the alleged defect was a failure to follow one of the two rules regarding notices of appeal under CR 73.03(1): that the notice of appeal "shall identify the judgment, order or part thereof appealed from."

The *Ready* Court noted that prior to CR 73.02's amendment, an appeal would automatically be dismissed if the notice of appeal did not correctly designate the judgment from which the appeal was being taken "regardless of whether any harm or prejudice resulted to the opponent from the defect in the

---

[11] 705 S.W.2d 479 (Ky. 1986). The material language of CR 73.02 has not changed since *Ready* was rendered.

[12] *Id.* 480-81.

[13] *Id.* at 480.

6

notice."[14]  And, that CR 73.02 represented a much needed "change from the policy of strict compliance with rules of procedure regarding appeals, to a new policy of substantial compliance[.]"[15]  The Court held that dismissal was not appropriate in any of the cases before it, and reasoned that

> [d]ismissal is not an appropriate remedy for this type of defect so long as the judgment appealed from can be ascertained within reasonable certainty from a complete review of the record on appeal **and no substantial harm or prejudice has resulted to the opponent**.  While our court continues to have a compelling interest in maintaining an orderly appellate process, the penalty for breach of a rule should have a reasonable relationship to the harm caused.  Likewise **the sanction imposed should bear some reasonable relationship to the seriousness of the defect.  While dismissal still may be appropriate where the breach of the rule and the harm to the opponent is sufficiently serious, under CR 73.02(2) the appellate court is charged with the burden of deciding the appropriate sanction on a case by case basis**.
>
> [. . .]
>
> With this new policy we seek to recognize, to reconcile and to further three significant objectives of appellate practice: achieving an orderly appellate process, deciding cases on the merits, **and seeing to it that litigants do not needlessly suffer the loss of their constitutional right to appeal**.[16]

However, *Ready* did not concern an appeal from a termination of parental rights.  It therefore did not address a failure to name a child in a notice of appeal from a termination of parental rights, i.e., the other explicit requirement for a notice of appeal under CR 73.03(1): that "the notice of appeal shall specify by name all appellants and all appellees."  Our jurisprudence, as

---

[14] *Id.* at 481.

[15] *Id.* (internal quotation marks and citation omitted).

[16] *Id.* at 481-82 (emphasis added).

it currently stands, regarding an alleged failure to name a child in a notice of appeal from a termination of parental rights started two years after *Ready* with *R.L.W. v. Cabinet for Human Resources.*[17]

In *R.L.W.*, the Court of Appeals addressed the Cabinet's motion to dismiss a father's notice of appeal from an order terminating his parental rights.[18]  The notice of appeal named the father as a party, but the child was not named as a party.[19]  The Cabinet argued that children are an indispensable party to an appeal from the termination of parental rights, and therefore the father's appeal had to be dismissed.[20]

The Court of Appeals held as a matter of first impression that "children shall be necessary parties to any appeal from an action terminating, or failing to terminate their parents' parental rights."[21]  Using CR 19.01 as its basis, the Court of Appeals held that

> [a]lthough there is no statutory requirement that these children be likewise named parties to an appeal of said termination action, it would seem to this Court that...said children should be necessary parties to any appeal.  The child is, after all, the primary focus of said appeal, and it is no less than the continued health and well-being of child which is at stake. **If not named as a party, it appears that the child's ability to protect his interests would be effectively "impaired" or "impeded."**  CR 19.01.[22]

---

[17] 756 S.W.2d 148 (Ky. App. 1988).

[18] *Id.* at 148.

[19] *Id.*

[20] *Id.* at 148.

[21] *Id.* at 149.

[22] *Id.* at 148-49.

The Court of Appeals then dismissed the father's appeal without addressing the merits.[23]

Although *R.L.W.* is well-established and often cited, upon reevaluation this Court now takes issue with it on several fronts. First, the *R.L.W.* Court based the dismissal entirely upon CR 19.01 without addressing CR 73.02(2). It therefore did not acknowledge that, under CR 73.02(2), the only rule violation that would have *mandated* the dismissal of the father's appeal would have been a failure to file a timely appeal. In that vein, the court also failed to consider alternative, less severe sanctions, as it was permitted to do under CR 73.02(2). Granted, CR 73.02(2)(a) permits dismissal of the appeal as a discretionary sanction, but we echo the *Ready* Court's persuasive belief that "the sanction imposed should bear some reasonable relationship to the seriousness of the defect," and that dismissal is not a proper remedy when no substantial harm or prejudice has resulted from the defect.[24] And, as discussed further below, the statutorily mandated appointment of a guardian *ad litem* for children at issue in a termination proceeding sufficiently protects their interests, as long as the guardian *ad litem* is served with the notice of appeal.

Further, even under the statute relied upon by the *R.L.W.* Court, CR 19.01, dismissal of the appeal was not appropriate. CR 19.01 directs in relevant part that

> [a] person who is subject to service of process, either personal or constructive, shall be joined as a party in the action if. . .(b) he

---

[23] *Id.* at 149.

[24] *See Ready*, 705 S.W.2d at 481.

9

claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest[.] **If he has not been so joined, the court shall order that he be made a party**.[25]

Therefore, it would seem that under CR 19.01 the proper remedy would have been for the court to make the child a party, not dismiss the appeal.

Finally, the heart of the court's holding that children are necessary parties to an appeal from a termination under CR 19.01 was its belief that if a child is not made a party "the disposition of the action in his absence may as a practical matter **impair or impede his ability to protect his interest**."[26] Thirty years ago, this was true. However, the legal landscape of parental termination cases has changed such that courts are now required to appoint a guardian *ad litem* for a child involved in an involuntary[27] termination of parental rights proceeding: "[i]n any involuntary action for termination of parental rights[,] [a]ny child to whom an involuntary action directly relates shall be made a party to the action and a guardian *ad litem* shall be appointed to represent the best interests of the child."[28]

---

[25] (emphasis added).

[26] CR 19.01 (emphasis added).

[27] Though it is not relevant in this case, a guardian *ad litem* must also be appointed for a child involved in a voluntary termination of parental rights proceeding. Kentucky Revised Statute (KRS) 625.041(1).

[28] KRS 625.080(2).

In Kentucky, "the guardian *ad litem* is a lawyer for the child, counseling the child and representing him or her in the course of proceedings by, among other things, engaging in discovery, in motion practice, and in presentation of the case at the final hearing."[29] Additionally, at the circuit court level, KRS 625.070(3) directs that

> **[n]otwithstanding the provisions of the Kentucky Rules of Civil Procedure**, appointment of a guardian ad litem for a child in an action for termination of parental rights, and **service of the petition upon the guardian ad litem shall be sufficient for personal jurisdiction over the child in the action**.[30]

We see no reason why the appellate process should be treated any differently.

This notion of substantial compliance under somewhat comparable circumstances was recently applied by this Court in *Cates v. Kroger*.[31] *Cates* involved a consolidation of two cases that made constitutional challenges to a worker's compensation statute. One of the appellants, Ronnie Bean, failed to name the Attorney General as a party in his notice of appeal to this Court.[32] Nevertheless, we held that "[t]he Attorney General had notice, has not shown or argued prejudice, and filed a timely brief. We find despite strict compliance not being satisfied, the policy considerations behind the rule are met in this case."[33]

---

[29] *Morgan v. Getter*, 441 S.W.3d 94, 119 (Ky. 2014).

[30] (Emphasis added).

[31] 627 S.W.3d 864, (Ky. 2021).

[32] *Id*. at 874.

[33] *Id*.

To reach our conclusion in *Cates*, we cited at least two cases where, notwithstanding that a necessary party was not explicitly named in the notice of appeal, we held that dismissal of the appeal was not necessary because the unnamed parties received proper notice of the appeal.[34]  In *Lassiter v. American Express Travel Related Servs. Co., Inc.*,[35] "we found naming the 'Department of Treasury' in the caption [of the notice of appeal] to be the functional equivalent of naming the State Treasurer," an indispensable party to the appeal.[36]  And, therefore, dismissal of the appeal was not warranted.[37]  Similarly, in *Flick v. Estate of Wittich*,[38] "[w]e found that naming the estate was the functional equivalent of naming the co-administrators," and, therefore, "[t]he inclusion of the estate's name and sending the co-administrators the notice of appeal allowed this Court to find that Flick substantially complied with the requirements of CR 73.03."[39]

Accordingly, while we decline to go so far as to say that children are not necessary parties to a termination appeal, we now overrule *R.L.W.* insofar as it holds that the failure to name a child in a notice of appeal from a termination of parental rights is automatic grounds for dismissal.  Rather, serving the child's guardian *ad litem* with the notice of appeal is the functional equivalent

---

[34] *Id at 874-75.*

[35] 308 S.W.3d 714 (Ky. 2010).

[36] *Cates*, 627 S.W.3d at 875.

[37] *Lassiter*, 308 S.W.3d at 719.

[38] 396 S.W.3d 816 (Ky. 2013).

[39] *Cates*, 627 S.W.3d at 875.

of naming the child: it is sufficient to protect the child's interests, give the child adequate notice of the appeal, and confer jurisdiction to the appellate court over the child. We also reiterate that if an appeal's alleged defect is anything other than failure to file a timely notice of appeal, timely cross-appeal, or timely notice for discretionary review, an appellate court should consider, on a case-by-case basis, an adequate remedy to address the alleged defect. "The sanction imposed should bear some reasonable relationship to the seriousness of the defect,"[40] and the prejudice caused to the opposing party, if any, should be taken into consideration when deciding the appropriate sanction.

### III. CONCLUSION

Based on the foregoing, we reverse. This case is remanded to the Court of Appeals for consideration of M.A.B.'s appeal on the merits.

All sitting. Minton, C.J.; Conley, Hughes, Keller, and VanMeter, JJ, concur. Nickell, J.; dissents with separate opinion.

NICKELL, J., DISSENTING: Respectfully, I dissent. I agree with the Court of Appeals that M.A.B.'s appeal should have been dismissed for failing to name the children in her notice of appeal.

A few short weeks ago, I dissented in part in *Cates v. Kroger*, 627 S.W.3d 864 (Ky. 2021), a case in which the majority abandoned long-standing precedent requiring adherence to strict compliance in relation to jurisdictional

---

[40] *Ready,* at 482.

13

defects in notices of appeal. The majority now relies, in part, on the *Cates'* decision to continue down the same ill-advised path.

For the same reasons expressed in *Cates,* I cannot agree with the majority's position in the present appeal. I remain steadfast in my belief "each time we do not strictly apply the rules we erode them." *Gambrel v. Gambrel,* 501 S.W.3d 900, 902 (Ky. App. 2016). Without form, chaos ensues. Today's decision further corrodes the plain and clear language of CR 73.03. For decades, the failure to name an indispensable party in a notice of appeal has been treated as a fatal jurisdictional defect for which no cure was available. *City of Devondale v. Stallings,* 795 S.W.2d 954 (Ky. 1990). *See also Browning v. Preece,* 392 S.W.3d 388, 392 (Ky. 2013). As my dissenting opinion noted in *Cates,* the majority's acceptance of substantial compliance brushed aside precedent to attain a more palatable result. Today, *Devondale* is not even acknowledged.

Even if a majority of this Court desires to abandon and alter our ancient procedural rule, well-established mechanisms exist to accomplish this aspiration. Until our rule is formally adjusted to allow for substantial compliance, my belief is fixed that

> we must require strict compliance with CR 73.03 as it is currently written and interpreted, pending any change in its edicts. "Unlike the majority, I am unwilling to bend—if not break—our Rules of Civil Procedure and precedent to rectify a clear procedural error made by Appellant's counsel." *James v. James,* 313 S.W.3d 17, 29 (Ky. 2010) (Minton, C.J., dissenting).

*Cates,* 627 S.W.3d at 877 (Nickell, J., dissenting).

14

For these reasons, I would affirm the Court of Appeals' dismissal of

M.A.B.'s appeal for her failure to name an indispensable party.


COUNSEL FOR APPELLANT:

Bruce Barton Brown
Pack Law Firm, P.S.C.

COUNSEL FOR APPELLEE, COMMOWEALTH OF KENTUCKY, CABINET FOR
HEALTH AND FAMILY SERVICES:

Dilissa Gaye Milburn
Cabinet for Health and Family Services
Office of Legal Services

COUNSEL FOR APPELLEES, J.A.M. and M.L.D.M:

Cheryl Berry