RENDERED:  SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1507-ME

BOBBY NEWBERRY                                             APPELLANT

v.
APPEAL FROM HOPKINS CIRCUIT COURT
HONORABLE SUSAN WESLEY MCCLURE, JUDGE
ACTION NO. 15-D-00148-001

J.S.                                                       APPELLEE

OPINION
DISMISSING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

CLAYTON, CHIEF JUDGE:  Bobby Newberry appeals *pro se* from a Hopkins Family Court order denying his motion to alter, amend, or vacate a domestic violence order (DVO).  Because his appeal is untimely, it must be dismissed.

Newberry is the biological father of a child who was placed in the custody of the appellee, J.S. and her husband.  They subsequently adopted the child.  In 2015, the Hopkins Family Court entered a DVO against Newberry on

behalf of J.S. and the child, based on threats of violence he made against the child. The DVO was set to expire on October 31, 2018. In 2016, Newberry, who was incarcerated throughout these proceedings, filed an unsuccessful motion to amend and terminate the DVO. In 2018, on J.S.'s motion, the family court extended the termination date of the DVO to October 15, 2021. On October 18, 2021, following a hearing, it extended the termination date of the DVO again, to October 15, 2024.

Newberry thereafter filed a document styled "Motion to appeal domestic violence order" in which he sought to vacate, set aside, or dismiss the DVO. He filed this motion on November 1, 2021. On November 15, 2021, he filed a letter addressed to the Hopkins Circuit Clerk, apologizing for any confusion the wording of the motion might have caused and clarifying his intent in filing it. He explained that he was trying to "get this DVO lifted" as it had hampered his rehabilitation within the Kentucky Department of Corrections. The letter then states:

> From what I understood I only had 10 days to file an appeal on the extension of said DVO so I filed a motion to the judge with everything wrong with extending this DVO. I await the judge to read and rule on my motion before I proceed towards the next step in this DVO. Now if the judge denies my motion then yes I will file an Appeal . . . for not just the judge but the Court of Appeals.

The family court entered an order denying the motion. It explained that Newberry's motion, which he intended to be a motion to alter, amend, or

vacate, was untimely filed under Kentucky Rules of Civil Procedure (CR) 59.05, which requires a party to bring such a motion within 10 days of the date judgment is entered. Fourteen days had elapsed between the entry of judgment and the filing of the motion. Consequently, the family court denied the motion as it had lost jurisdiction to entertain it. It further stated that either party could file a motion to amend the DVO entered on October 18, 2021, at any time prior to its expiration on October 15, 2024. This appeal by Newberry followed.

CR 59.05 states "[a] motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment." "[P]rocedurally, a CR 59.05 motion stays finality until the motion is ruled upon." *Gullion v. Gullion*, 163 S.W.3d 888, 891 (Ky. 2005). Newberry's motion did not stay finality, however, because it was filed more than ten days after the entry of the DVO. The family court correctly held that it was unable to address his motion because it lost jurisdiction over the matter ten days after the entry of its order on October 18, 2021.

"[O]rders denying CR 59.05 motions are inherently interlocutory and, thus, 'there is no appeal from the *denial* of a CR 59.05 motion. The denial does not alter the judgment. Accordingly, the appeal is from the underlying judgment, not the denial of the CR 59.05 motion.'" *Cabinet for Health and Family Services v. Marshall*, 606 S.W.3d 99, 103 (Ky. App. 2020) (quoting *Ford v. Ford*, 578

-3-

S.W.3d 356, 366 (Ky. App. 2019)).  Newberry's notice of appeal was filed on December 21, 2021, more than thirty days after the date of notation of service of the October 18, 2021, order.  The CR 59.05 motion did not serve to stay the finality of that order because the motion was untimely filed.  The failure to file a timely notice of appeal is a jurisdictional defect that cannot be remedied.  *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990).  Newberry's appeal was not filed within thirty days as required under CR 73.02(1)(a).  The penalty for failure to file a timely notice of appeal is dismissal.  *Johnson v. Smith*, 885 S.W.2d 944, 950 (Ky. 1994) (citing CR 73.02(2)).

For the foregoing reasons, Newberry's appeal is dismissed.


ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE.

Bobby Newberry, *pro se*
Burgin, Kentucky