**AK STEEL CORPORATION,**
Appellant,

v.

**Danny E. CARICO; Hon. Landon Over-field, Administrative Law Judge; and Workers' Compensation Board, Appel-lees.**

No. 2003–SC–0124–WC.

Supreme Court of Kentucky.

Dec. 18, 2003.

Christopher A. Dawson, Ashland, Counsel for Appellant.

Robert G. Miller, Jr., Perry Preston and Miller, Paintsville, Counsel for Appellee.

George C. Perry, III, Paintsville, Counsel for Appellee.

**OPINION OF THE COURT**

This appeal is taken from a Court of Appeals decision to dismiss the appellant's motion for an enlargement of time in which to file a petition for review of the Workers' Compensation Board's (Board's) decision. Although the appellant alleged excusable neglect, maintained that CR

76.25 is distinguishable from CR 73.02, and argued that the time for filing a petition for review may be enlarged under CR 6.02 after it has expired, the Court determined that CR 76.25(2) is mandatory. We affirm.

In deciding the underlying claim, an Administrative Law Judge (ALJ) determined that the claimant retained the physical capacity to return to the type of work that he performed when injured despite his work-related hearing loss. Rather than attempting to do so, the claimant retired. Nonetheless, the ALJ awarded a double benefit under KRS 342.730(1)(c)2. The Board affirmed, after which counsel for the employer inadvertently missed the December 2, 2002, deadline for filing a petition for review in the Court of Appeals.

Counsel stated that on December 4, 2002, when beginning to prepare the petition, he discovered that the deadline had passed. On December 5, 2002, he filed a motion for an enlargement of time and tendered the petition for review, explaining that he had confused the filing deadline with the deadline for another appeal involving the same issue, employer, respondent's attorney, and ALJ. In support of the explanation, counsel attached a copy of the Board's decision in the other appeal. The motion argued that although the language of CR 76.25 is mandatory, CR 6.02 permits an enlargement of time, even after the period has expired, upon a showing of excusable neglect. Furthermore, although acknowledging that not all periods of time may be enlarged under CR 6.02, counsel pointed out that CR 76.25 is not included in the list of rules for which an enlargement of time is limited to the extent that is stated in the rule.

In a motion filed on December 26, 2002, the employer also moved to have the petition for review held in abeyance pending this Court's decision in *Laurel Cookie Factory v. Foreman*, 2003 WL 22160344

(2002–SC–0867–WC, rendered September 18, 2003).

The Court of Appeals dismissed the motion for an enlargement of the time in which to file a petition and denied leave to support the motion with a copy of the Board opinion to which it referred. Likewise, the Court dismissed the motion to hold the petition in abeyance. Appealing, the employer argues that not only is CR 76.25 distinguishable from CR 73.02, it affords more flexibility with respect to an enlargement of time. We disagree.

A notice of appeal is the document for invoking the jurisdiction of the Court of Appeals over a decision of the Board. See *Johnson v. Smith*, Ky., 885 S.W.2d 944, 949–50 (1994). CR 6.02 provides that an enlargement of the time for filing a notice of appeal is limited to what is specified in CR 73.02. CR 73.02(1)(d) permits a 10–day extension of the time for taking an appeal upon "a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment or an order which affects the running of the time for taking an appeal." Furthermore, although CR 73.02(2) provides the Court of Appeals some flexibility in dealing with other types of noncompliance with the rules relating to appeals, it provides that a failure to file a timely notice of appeal shall result in dismissal. Therefore, a misunderstanding over the filing date is not the type of excusable neglect that would enlarge the time for filing the jurisdictional document after that time expired.

Unlike CR 73.02, CR 76.25 is not among the rules for which an enlargement of time under CR 6.02 is limited. Furthermore, CR 76.25 makes no reference to an enlargement of the time for filing a petition for review. CR 76.25(2) provides:

Within 30 days of the date upon which the Board enters its final decision pursuant to KRS 342.285(3) any party aggrieved by that decision may file a peti-

tion for review by the Court of Appeals and pay the filing fee required by CR 76.42(2)(a)(xi). Failure to file the petition within the time allowed shall require dismissal of the petition.

The employer points out that a petition for review is a combined notice of appeal and brief. It argues that although dismissal is required for an untimely notice of appeal, CR 76.12(8)(b) permits some discretion with respect to an untimely brief. Focusing upon the last sentence of the provision, the employer maintains that use of the words "within the time allowed" rather than words such as "within 30 days" implies that the 30–day period may be enlarged under CR 6.02.

Although the employer asserts that the claimant filed his response brief shortly after the petition for review was filed and that the substantive issue was fully briefed and before the Court of Appeals when it dismissed the case, that is inaccurate. The claimant did not respond to substantive issues raised in the petition for review. Instead, he objected to the motion for an enlargement of time on the ground that the petition was untimely and also objected to the motion to hold the petition in abeyance. He asserts to this Court that dismissal of the untimely petition was proper.

Like CR 76.25, CR 76.20 is not among the rules for which CR 6.02 explicitly prohibits an enlargement of time. Furthermore, like a petition for review, a motion for discretionary review is both the jurisdictional document and the means for alleging error in the lower court's decision. But, in contrast to CR 76.25(2), CR 76.20(2)(c) provides:

> The failure of a party to file a Motion for Discretionary Review within the time specified in this Rule, or as extended by previous order, shall result in dismissal of the Motion for Discretionary Review.

Likewise, CR 73.02(2) provides that a failure to file a timely motion for discretionary review shall result in dismissal or denial. Thus, the time for invoking the Court's jurisdiction by filing a motion for discretionary review may be extended before it expires, but the time may not be enlarged after it expires.

The employer maintains that because a petition for review is both an appellant's brief and a notice of appeal, it warrants more flexible treatment than a notice of appeal that is filed under CR 73.02. We disagree because, like a notice of appeal, a petition for review is the document by which a party who chooses to appeal a decision of the Board invokes the Court of Appeals' jurisdiction. See *Johnson v. Smith, supra.* CR 73.02(2), CR 76.20(2)(c), and CR 76.25(2) all indicate that a failure to timely file the document by which jurisdiction is invoked requires dismissal. Although CR 76.20(2)(c) permits an extension of the time for filing a timely motion for discretionary review before it expires, CR 73.02(1)(d) provides the only basis for enlarging the period for taking an appeal after the time for doing so expires. That basis is the failure of the appellant to learn of the entry of the judgment that triggered the time for taking an appeal.

While it is true that CR 76.25 does not specify whether the time for filing a petition for review may be extended, this is not a case where the appellant was misled by an ambiguity in the rule. Instead, the appellant offers a rationale to excuse its failure to comply. Although we sympathize, we are not persuaded.

The decision of the Court of Appeals is affirmed.

All concur.