**Margaret HARRISON; Kenneth Wolfe; and WMLH, Inc., Appellants,**

**v.**

**PARK HILLS BOARD OF ADJUST-MENT; City of Park Hills; and Northern Kentucky Area Planning Commission, Appellees.**

**No. 2009–CA–001981–MR.**

Court of Appeals of Kentucky.

Jan. 7, 2011.

Peter J. Summe, Fort Wright, KY, V. Ruth Klette, Fort Mitchell, KY, for Appellants.

Robert A. Winter, Jr., Covington, KY, for Appellees, Park Hills Board of Adjustment and City of Park Hills.

Before LAMBERT and STUMBO, Judges; SHAKE,[1] Senior Judge.

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

## OPINION

LAMBERT, Judge:

This is an administrative appeal from a zoning decision in which Margaret Harrison, Kenneth Wolfe, and WMLH, Inc., seek review of the September 11, 2009, order and judgment of the Kenton Circuit Court dismissing their appeal and complaint for lack of subject matter jurisdiction. They also appeal from the October 20, 2009, order denying their motion to alter, amend, or vacate that ruling. Because we agree with the Park Hills Board of Adjustment and the City of Park Hills that the appellants' failure to name two indispensable parties in their appeal to the circuit court was fatal to that action, we affirm.

Margaret Harrison is the fee simple owner of property at 1430 Dixie Highway in Park Hills, Kenton County, Kentucky. Kenneth Wolfe is her husband and claims a vested curtesy right in the property. Harrison owns WMLH, Inc., a Kentucky corporation that leases the premises from her and operates the Den Lou Motel on that property. The Den Lou Motel had been used continuously for temporary lodging and operated as a motel since at least the 1950s. Therefore, upon the passage of the Kentucky's zoning statutes, its continued use as a motel constituted a legal, non-conforming use of the property. That property is now part of the Highway Commercial (HC) Zone, and the applicable local ordinance no longer permits hotels or motels as permitted uses pursuant to a 2005 amendment, unless its use in that manner constituted a pre-existing, continuing use.

In May 2008, Park Hills residents Richard and Pamela Spoor sent a letter, pursuant to the applicable local ordinance, to Dennis R. Uchtman of the Northern Kentucky Area Planning Commission in his capacity as the Park Hills Zoning Administrator. In the letter, the Spoors requested that he investigate a possible zoning violation alleging that the Den Lou Motel had apparently been converted from a hotel/motel to an efficiency apartment or multiple dwelling facility. In other words, it had stopped being used for the purpose of temporary lodging or as a motel, meaning that it was no longer fulfilling a prior legal, non-conforming use under the current zoning ordinance. As one indication of this conversion, the Spoors pointed to public records which revealed that the Den Lou Motel had not held a permit from the Northern Kentucky Health Department to operate as a hotel/motel since December 31, 1998. The zoning administrator found no violation.

As a result of the zoning administrator's decision, the Spoors filed a timely application with the Board of Adjustment to appeal the decision pursuant to KRS 100.261. That application was assigned case number 08070003. The City of Park Hills, through its mayor, filed an identical application contesting the same decision, which was assigned case number 08070001. In the section calling for a description of the request being made, both applications stated as follows:

> Investigate the actual use of the Den Lou Motel. It appears not to be used or operated as a motel or hotel, but rather as efficiency apartments. That use is illegal in the HC Zone. The Den Lou is not a candidate for classification as a non-conforming use. Request is to stop illegal use of 1430 Dixie Highway, Park Hills, KY, 41011.

As reflected in the agenda and minutes of the Board's August 21, 2008, meeting, a public hearing was held on the two applications. The minutes reflect that "[s]ince there were two separate applicants but both applications sought the same relief,

the Board decided to hear and decide both applications simultaneously." The minutes then reflect that the applicants (the City of Park Hills and the Spoors) appeared before the Board to present their cases, calling and examining witnesses. The Board members then voted to approve the applicants' request based on the testimony heard and the facts adduced at the hearing proving that the site was not being used as a hotel or motel as defined by the ordinance. The Board also determined that the property had not been used as a hotel or motel since before the date of the 2005 amendment to the ordinance; if it had been used in this capacity prior to the amendment, it would have been permitted to continue its operation as a pre-existing, non-conforming use.

In accordance with its decision, the Board issued a statement of action reversing the decision of the zoning administrator and finding that the property had not been used as a hotel or motel since December 31, 1998, but rather had been used as apartments since that time. Such use was unlawful within in the HC Zone pursuant to the ordinance. The Board based its decision on twelve separate findings of fact addressing the use of the premises dating back to at least 2005. Accordingly, the Board issued a cease and desist order requiring the owner, possessor, and operator of the real property at that address to stop using it as an apartment, hotel, or motel.

Harrison, Wolfe, and WMLH, Inc., (the appellants) then sought relief from the Board's decision by filing a timely "Appeal and Complaint" with the Kenton Circuit Court, naming the City of Park Hills, the Board, and the Northern Kentucky Area Planning Commission as the appellees/defendants. Through this action, the appellants sought review of the Board's decision, which they described as arbitrary and capricious, illegal, and beyond the scope of its authority. The appellants also sought a declaration of rights to determine the extent of their vested rights in the use of the property. In addition to that relief, they sought and received a temporary restraining order against the City of Park Hills to prevent enforcement of the cease and desist order pending resolution of the appeal.

The City of Park Hills and the Board (collectively, the City) immediately filed a motion to dismiss the appeal and complaint due to lack of subject matter jurisdiction. The City based this argument on the appellants' failure to name the Spoors as appellees, which the City contended was fatal to their appeal pursuant to KRS 100.347(4). The Area Planning Commission joined in the City's motion and separately moved to be dismissed because, as an advisory planning commission under KRS Chapter 147, it was not a proper party to an appeal from the Board's decision in this action.

The appellants filed separate responses to the motions to dismiss. Regarding the City's motion, the appellants argued that the Spoors were not indispensable parties, as the matter could be adjudicated without their presence, and that KRS 100.347(4) did not apply to this case. In reply, the City disagreed with the appellants' construction of KRS 100.347(4), arguing instead that subsection (4)'s requirement that the applicant be named to an appeal applies to each of the preceding sections. As to the Area Planning Commission's motion, the appellants responded that because its member was acting as the zoning administrator, it was a proper party to the appeal.

The circuit court issued its ruling on the motions to dismiss in an order and judgment entered September 11, 2009. The circuit court agreed with the City and the Area Planning Commission that it lacked

subject matter jurisdiction due to the appellants' failure to join the Spoors in the appeal pursuant to KRS 100.347(1) and (4), and their failure to join the Spoors was fatal to the appeal. The circuit court also dismissed the Area Planning Commission as a party because it was not a part of the statutory scheme as set forth in KRS 100.347 and, accordingly, was not a proper party to the appeal.

The appellants filed a motion to alter, amend, or vacate the September 11th ruling and requested a hearing. They stated that only the City, not the Spoors, presented its case before the Board and that their declaration of rights action, which they filed along with the appeal, had not been adjudicated. In response, the City continued to argue that the failure to name the Spoors was fatal to the appeal. Furthermore, the City argued that the appellants were not authorized to request declaratory relief, as the exclusive remedy in land use cases is an appeal from the Board's final action pursuant to KRS 100.347(1). The circuit court denied the motion on October 20, 2009, and this appeal follows.[2]

The question before this Court is whether the circuit court properly granted the motions to dismiss due to the appellants' failure to invoke the subject matter jurisdiction of the circuit court. "In making this decision, the circuit court is not required to make any factual determination; rather, the question is purely a matter of law." *James v. Wilson,* 95 S.W.3d 875, 883–84 (Ky.App.2002). "The question of jurisdiction is ordinarily one of law, meaning that the standard of review to be applied is de novo." *Appalachian Regional Healthcare, Inc. v. Coleman,* 239 S.W.3d 49, 53–54 (Ky.2007).

■ The appellants' first argument concerns the circuit court's dismissal of the declaration of rights action. They contend that the court committed reversible error in doing so because WMLH had vested property rights that were affected by the decision, making it an indispensable party before the Board of Adjustment, but neither the Spoors nor the City named it as a party before the Board. In dismissing the declaration of rights action, they argue that the circuit court improperly prevented them from questioning the authority of the Board or the propriety of its actions. In response, the City points out that this particular argument was not raised below, nor did the appellants provide a citation to where the issue was preserved in the record. Consequently, the argument cannot be raised for the first time on appeal. The City also addresses the merits of the argument, stating that the appellants were limited in this action to the exclusive remedy in KRS 100.347, and not a separate action for declaratory relief.

While we agree with the City that the appellants failed to preserve this argument by first raising it below, we shall nevertheless briefly address the merits of the argument. *See Skaggs v. Assad, By and Through Assad,* 712 S.W.2d 947, 950 (Ky. 1986) ("It goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court."). At the outset, we note that the Spoors and the City properly named Margaret Harrison in their applications to the Board as the record fee simple owner of the property in question. Despite their arguments that WMLH has some right in the property, there is no evidence documenting this interest, such as a copy of a lease. We also agree with

---

**2.** The appellants have not contested the circuit court's dismissal of the Area Planning Commission as a party.

the City that WMLH, as well as Kenneth Wolfe, had the opportunity to intervene and be heard before the Board if they so desired. Margaret Harrison, who was present for the proceedings, is the owner of WMLH, and Kenneth Wolfe was also present for the hearing as reflected in the attendance roster attached to the minutes of the Board's meeting.

■ Intertwined in this argument is the appellants' assertion that the declaratory relief they sought was separate and apart from the appeal of the Board's decision. In *Triad Development/Alta Glyne, Inc. v. Gellhaus*, 150 S.W.3d 43 (Ky.2004), the Supreme Court of Kentucky addressed a situation where an action for declaratory relief might be warranted:

> Individuals and others who may be aggrieved by the subordinate ministerial decisions cannot appeal pursuant to the Planning Commission statute, KRS 100.347. A careful examination of the statutes does not indicate any authority for an appeal from the decisions of entities such as the MSD or the Public Works Director. Apparently, the only relief available may be through a declaratory judgment action authorized by KRS 418.040 which allows a party to seek a declaration of rights when an actual or judicable controversy exists.

*Id.* at 47. Here, however, the appellants are seeking essentially the same relief on appeal and in the declaratory relief complaint; they are challenging the Board's finding that the Den Lou was no longer being used as a hotel or motel and that its use as an apartment was unlawful pursuant to the local ordinance. We also agree with the City that the circuit court properly declined to interfere with other pending legal actions related to the use of the property. "[W]here the parties and the subject matter are the same, once a court of concurrent jurisdiction has begun the exercise of that jurisdiction over a case, its authority to deal with the action is exclusive and no other court of concurrent jurisdiction may interfere with the pending proceedings." *Akers v. Stephenson*, 469 S.W.2d 704, 706 (Ky.1970).

■ Turning to the next argument, the appellants contend that they timely filed an appeal from the Board's decision on the City's application, meaning that they complied with KRS 100.347(1) despite not naming the Spoors in their appeal and complaint before the circuit court. As they did below, the appellants argue that the Board of Adjustment is the only necessary party to be named in an appeal to the circuit court pursuant to KRS 100.347(1). They also contend that the Spoors are not indispensable parties because their absence would not prevent the court from granting complete relief. Finally, they invoke the rule of substantial compliance enunciated in *Ready v. Jamison*, 705 S.W.2d 479 (Ky.1986). We agree with the City that this argument has no merit.

The construction and interpretation of a statute is a question of law, which requires *de novo* review in this Court. *Monumental Life Ins. Co. v. Dep't of Revenue*, 294 S.W.3d 10, 19 (Ky.App.2008); *Bd. of Comm'rs of the City of Danville v. Davis*, 238 S.W.3d 132, 135 (Ky.App.2007). In *Monumental*, this Court addressed statutory construction, explaining a court's role in interpreting a statute:

> The primary purpose of judicial construction is to carry out the intent of the legislature. In construing a statute, the courts must consider the intended purpose of the statute-and the mischief intended to be remedied. A court may not interpret a statute at variance with its stated language. The first principle of statutory construction is to use the plain meaning of the words used in the statute. Statutes must be given a literal

interpretation unless they are ambiguous and if the words are not ambiguous, no statutory construction is required. We lend words of a statute their normal, ordinary, everyday meaning. We are not at liberty to add or subtract from the legislative enactment or discover meanings not reasonably ascertainable from the language used. The courts should reject a construction that is unreasonable and absurd, in preference for one that is reasonable, rational, sensible and intelligent.

*Monumental,* 294 S.W.3d at 19 (internal citations, quotation marks, and brackets omitted).

The statute at issue in this case is KRS 100.347, which states, in pertinent part:

(1) Any person or entity claiming to be injured or aggrieved by any final action of the board of adjustment shall appeal from the action to the Circuit Court of the county in which the property, which is the subject of the action of the board of adjustment, lies. Such appeal shall be taken within thirty (30) days after the final action of the board. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review. The board of adjustment shall be a party in any such appeal filed in the Circuit Court.

(2) Any person or entity claiming to be injured or aggrieved by any final action of the planning commission shall appeal from the final action to the Circuit Court of the county in which the property, which is the subject of the commission's action, lies. Such appeal shall be taken within thirty (30) days after such action. Such action shall not include the commission's recommendations made to other governmental bodies. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review. Provided,

however, any appeal of a planning commission action granting or denying a variance or conditional use permit authorized by KRS 100.203(5) shall be taken pursuant to this subsection. In such case, the thirty (30) day period for taking an appeal begins to run at the time the legislative body grants or denies the map amendment for the same development. The planning commission shall be a party in any such appeal filed in the Circuit Court.

(3) Any person or entity claiming to be injured or aggrieved by any final action of the legislative body of any city, county, consolidated local government, or urban-county government, relating to a map amendment shall appeal from the action to the Circuit Court of the county in which the property, which is the subject of the map amendment, lies. Such appeal shall be taken within thirty (30) days after the final action of the legislative body. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review. The legislative body shall be a party in any such appeal filed in the Circuit Court.

(4) The owner of the subject property and applicants who initiated the proceeding shall be made parties to the appeal. Other persons speaking at the public hearing are not required to be made parties to such appeal.

We agree with the construction as put forth by the City that subsection (4), requiring applicants who initiated the proceedings to be made parties to any appeal, applies to each of the preceding subsections. Those subsections detail the procedure for appealing the final actions of three different bodies: a board of adjustment, a planning commission, and a legislative body. Each subsection requires that the specific body it encompasses be named

as a party in an appeal from that body's final order. The only reasonable construction of subsection (4) is that it applies to each of the previous subsections, so that the property owner and initiating applicants must be named in addition to the body addressed in each subsection. Therefore, the appellants were required to name both the City and the Spoors in their appeal to the circuit court. In so holding, we specifically reject the appellants' argument that they were only appealing from the decision related to the City's application; the statement of action establishes that the Board considered the City's and the Spoors' applications simultaneously and ruled on the combined applications in the same statement of action.

■ We also specifically reject the appellants' argument that the Spoors were not indispensable parties as defined in *Liquor Outlet, LLC v. Alcoholic Beverage Control Board*, 141 S.W.3d 378 (Ky.App. 2004). On the contrary, the General Assembly made the Spoors indispensable parties in the plain language of KRS 100.347(4), as they were applicants who initiated the proceedings. We are mindful that, "[t]his Court has often emphasized that one seeking review of administrative decisions must strictly follow the applicable procedures. Since an appeal from an administrative decision is a matter of legislative grace and not a right, the failure to follow the statutory guidelines for an appeal is fatal." *Taylor v. Duke*, 896 S.W.2d 618, 621 (Ky.App.1995) (internal citations omitted). Because the appellants failed to strictly follow the procedure for appeals in KRS 100.347, their failure to name the Spoors was fatal to their appeal to the circuit court.

■ Finally, the appellants urge this Court to hold that they substantially complied with the applicable law, arguing that substantial constitutional rights are at stake and that it at least partially complied by naming the City as a party. In support of this argument, they rely on the opinion of *Ready v. Jamison, supra*, in which the Supreme Court adopted the policy of substantial compliance.

However, in *City of Devondale v. Stallings*, 795 S.W.2d 954 (Ky.1990), the Court addressed its prior holding in *Ready* as follows:

> In *Ready, supra*, we applied this policy of substantial compliance to a situation where the defect in the notice of appeal was a result of failure to properly designate the final judgment appealed from, as required by CR 73.03. The notice of appeal was timely filed in *Ready*, and *all proper parties were named*. There was simply an error in designating the documents appealed from. We held that these nonjurisdictional defects in the notice of appeal should not result in automatic dismissal; rather, the Court should consider any harm or prejudice resulting from the defect in deciding the appropriate sanction. We concluded that since no substantial harm resulted to the parties, dismissal of the appeal was an inappropriate remedy.

*Stallings*, 795 S.W.2d at 957 (emphasis in original, citation omitted). The Court went on to state that *Ready* "involved defects that were nonjurisdictional in nature. It is only in this context that a discussion of substantial compliance and possible prejudice is appropriate." *Stallings*, 795 S.W.2d at 957. Finally, the Court concluded:

> A notice of appeal, when filed, transfers jurisdiction of the case from the circuit court to the appellate court. It places the named parties in the jurisdiction of the appellate court. In the case at bar, the notice of appeal omitted two indispensable parties to the lawsuit.

Therefore, the notice of appeal transferred jurisdiction to the Court of Appeals of only the named parties.

The movant urges us to apply the policy of substantial compliance and hold that it should have been allowed to correct this defect by amendment. The record shows that the movant attempted to amend the jurisdictional document to add the two names some 55 days after it filed its notice of appeal-well after the time for naming parties to an appeal had passed. We believe that the substantial compliance policy cannot be applied to retroactively create jurisdiction. There are policy considerations that mandate strict compliance with the time limit on filing of the notice of appeal. Potential parties to an appeal have the right to know within the time specified in the rule that they are parties.

The plain language of CR 73 supports this view. CR 73.02(2) singles out the timely filing of a notice of appeal as being different from other rules relating to appeals and mandates that "[t]he failure ... to file notice of appeal within the time specified in this Rule ... shall result in a dismissal of the appeal."

*Stallings,* 795 S.W.2d at 957 (internal citation omitted). The Supreme Court made clear in *Stallings* that the doctrine of substantial compliance applies only in the context of nonjurisdictional defects.

Accordingly, because the appellants' failure to name two indispensable parties represents a jurisdictional defect in the notice of appeal, the doctrine of substantial compliance does not apply. Rather, we must require strict compliance with the appeal procedures as set forth by the General Assembly in KRS 100.347. Therefore, the appellants' failure to strictly comply with KRS 100.347(4) was fatal to their appeal to the circuit court from the Board's decision, and the circuit court did not commit any error as a matter of law by dismissing the appeal and complaint for lack of subject matter jurisdiction.

For the foregoing reasons, the judgment of the Kenton Circuit Court is affirmed.

ALL CONCUR.