Ila NICKELL, Appellant,

v.

**DIVERSICARE MANAGEMENT SERVICES; Honorable Chris Davis, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 2010–SC–000481–WC.**

Supreme Court of Kentucky.

April 21, 2011.

---

Eric M. Lamb, Lamb & Lamb, PSC, Louisville, KY, William Grover Arnett, Salyersville, KY, Counsel for Appellant, Ila Nickell.

Ronald Jude Pohl, Erik Shane Branham, Pohl, Kiser & Aubrey, PSC, Lexington, KY, Counsel for Appellee, Diversicare Management Services.

## OPINION OF THE COURT

The Workers' Compensation Board affirmed a decision in which the Administrative Law Judge (ALJ) found that the claimant's work-related injury was only partially disabling. This appeal is taken from a Court of Appeals decision to deny the claimant's motion for an enlargement of time in which to file a petition for review and to dismiss her action. The court rejected her argument that CR 76.25(2) permits the time for filing a petition for review to be enlarged before it expires.

■ We reverse and remand this matter to the Court of Appeals. A petition for review under CR 76.25 serves two functions. It is both the document for invoking the court's jurisdiction to consider an appeal of the Board's decision and the document for stating the petitioner's grounds for seeking appellate relief. The claimant's motion invoked the court's appellate jurisdiction within the time for filing a petition for review. Thus, the Court of Appeals erred by refusing to consider the merits of her request for what amounted to an enlargement of time in which to file a brief.

The Board entered an opinion in which it affirmed the ALJ's decision on November 3, 2009. The record indicates that on December 3, 2009 the claimant transmitted to the Clerk of the Court of Appeals by United States Postal Service express mail a document styled as a motion for an extension of time in which to file her "brief." The motion stated that the 30–day period set forth in CR 76.25 was due to expire on December 3, 2009 and sought leave for an extension of time through December 15, 2009 in which to file a petition for review. Justifications for the request involved office staffing during the Thanksgiving holiday as well as counsel's workload at the time and personal health issues.

The employer's response to the motion asserted that the time for appealing the Board's decision expired on December 3,

2009 and, thus, that the court lacked jurisdiction to consider an appeal. In a subsequent motion the claimant sought leave to file a reply in which she argued that neither CR 76.25(2), nor CR 6.02, nor any judicial decision prohibited an enlargement of the time for filing a petition for review.

In an order entered on April 15, 2010, the Court of Appeals granted the motion for leave to file a reply to the employer's response. The court denied the motion for an enlargement of time to file a petition for review, however, having construed CR 76.25(2) as mandating dismissal. The claimant filed a motion to reconsider, which was denied, and now appeals.

The claimant maintains that neither *Hutchins v. General Electric Co.,*[1] upon which the Court of Appeals relied, nor CR 73.02 governs the present facts. She argues that CR 76.25(2) and CR 6.02 permit the time for filing a petition for review to be enlarged before it expires. She notes that a petition for review, unlike a notice of appeal, includes a brief of the appellant's arguments. Moreover, unlike the brief of an appellant seeking relief under CR 73.02, the brief included in a petition for review must take into account the arguments likely to be raised in response because CR 76.25 does not provide an appellant with the opportunity to file a reply brief. She concludes that CR 76.25(2) and CR 6.02, when construed in tandem, give the Court of Appeals discretion to enlarge the time for briefing for good cause shown. We agree.

■ The right to appeal the decision of an administrative agency to a court is a matter of legislative grace.[2] As amended effective January 4, 1988, KRS 342.290 provides that the Board's decisions may be appealed to the Court of Appeals "pursuant to Section 111 of the Kentucky Constitution and rules adopted by the Supreme Court." Following the amendment of KRS 342.290, the Supreme Court adopted SCR 1.03(3), which provides that final decisions of the Board are subject to review by the Court of Appeals under procedures set forth in the Rules of Civil Procedure. CR 76.25 provides, in pertinent part, as follows:

(1) General.

Pursuant to Section 111(2) of the Kentucky Constitution and SCR 1.030(3), decisions of the Workers' Compensation Board shall be subject to direct review by the Court of Appeals in accordance with the procedures set out in this Rule.

(2) Time for Petition.

Within 30 days of the date upon which the Board enters its final decision pursuant to KRS 342.285(3) any party aggrieved by that decision may file a petition for review by the Court of Appeals and pay the filing fee required by CR 76.42(2)(a)(xi). Failure to file the petition within the time allowed shall require dismissal of the petition.

This appeal concerns whether the 30–day period set forth in CR 76.25(2) may be enlarged before it expires pursuant to a motion by the appellant under CR 6.02, which states as follows:

When by statute or by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, *the court for cause shown may, at any time in its discretion, (a) with* or without *motion* or notice *order the period enlarged if request therefor is made before the expiration of the period originally*

---

1. 190 S.W.3d 333, 337 (Ky.2006).

2. *See Kentucky Unemployment Insurance Commission v. Carter,* 689 S.W.2d 360 (Ky. 1985).

*prescribed or as extended by a previous order* or (b) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; *but it may not extend the time for taking any action under Rules 50.02, 52.02, 59.02, 59.04, 59.05, 60.02, 72.02, 73.02 and 74 except to the extent and under the conditions stated in them.* (emphasis added).

The Court of Appeals relied on dictum from *Hutchins to* conclude that "CR 76.25, like CR 73.02, embodies a policy choice that a tardy petition for review is subject to automatic dismissal and cannot be saved through application of the doctrine of substantial compliance." The statement from *Hutchins* is correct but does not control the present facts.

The court noted in *AK Steel Corp. v. Carico*[3] that a petition for review, like a motion for discretionary review, serves two functions. It is both the jurisdictional document and the means to allege error in the lower court's decision. CR 76.20(2)(c) provides as follows:

> The failure of a party to file a Motion for Discretionary Review within the time specified in this Rule, *or as extended by a previous order,* shall result in a dismissal of the Motion for Discretionary Review. (emphasis added).

Like CR 73.02(2), CR 76.25(2) and CR 76.20(2)(c) indicate clearly that a failure to timely file the document by which the court's appellate jurisdiction is invoked requires dismissal.[4] Yet, CR 76.20(2)(c) clearly permits the court to grant a motion to enlarge the time specified in CR 76.20 if the motion is filed before the time expires. The provision recognizes implicitly that a

motion to enlarge the time for filing a motion for discretionary review that is filed before the 30–day period has expired has invoked the court's jurisdiction over the underlying matter. Also implicit is recognition of the fact that an appellant's failure to state a basis for requesting appellate relief within the time allowed does not require dismissal[5] and that CR 6.02(a) permits the time for doing so to be enlarged.

In *AK Steel Corp. v. Carico* the employer filed a motion after the 30–day period expired in which it alleged excusable neglect and requested additional time to file a petition for review. The court noted that "CR 76.25 does not specify whether the time for filing a petition for review may be extended"[6] but determined that CR 76.25(2) required dismissal if the jurisdictional document was not timely filed. Thus, the employer's failure to file its petition (or motion) within the 30–day period, though inadvertent, required dismissal. The claimant maintains that *AK Steel Corp. v. Carico* is distinguishable because she filed her motion within the 30–day period and, thus, sought relief under CR 6.02(a) rather than under CR 6.02(b).

CR 76.40(2) provides as follows:

> To be timely filed, a document must be received by the Clerk of the Supreme Court or the Clerk of the Court of Appeals within the time specified for filing, *except that any document shall be deemed timely filed if it has been transmitted by United States* registered (not certified) or *express mail,* or by other recognized mail carriers, *with the date the transmitting agency received said document from the sender noted by the transmitting agency on the outside of*

---

**3.** 122 S.W.3d 585, 587 (Ky.2003).

**4.** CR 73.02(*l*)(d) provides the only basis for enlarging the period for taking an appeal after the time for doing so expires.

**5.** *See* CR 76.12(8)(b).

**6.** 122 S.W.3d at 587.

*the container used for transmitting, within the time allowed for filing.* (emphasis added).

The parties do not dispute that CR 76.25(2) required the claimant's petition for review to be filed on or before December 3, 2009. The record contains her motion for an extension of time in which to file her brief as well as a copy of a United States Postal Service express mail envelope, which indicates that the contents were received for transmission to the Clerk of the Court of Appeals on December 3, 2009. Moreover, the employer concedes that she filed the motion on December 3, 2009. We conclude, therefore, that the claimant invoked the court's appellate jurisdiction within the 30-day period specified in CR 76.25(2).

CR 76.25 contains no explicit provision that prohibits the time for filing a petition for review from being enlarged. Mindful of the similarities between a petition for review and a motion for discretionary review, we conclude that the use of the phrase "within the time allowed" in the second sentence of CR 76.25(2) rather than the words "30 days" has significance and implies that the time for filing a petition for review may be enlarged pursuant to a motion filed before it expires. The Court of Appeals erred in the present case by denying the claimant's motion without considering the merits of her request for what amounted to an enlargement of time in which to file a brief.

The decision of the Court of Appeals is reversed and this matter is remanded for the court to consider the merits of the motion for an extension of time and proceed accordingly.

All sitting. All concur.