RENDERED AUGUST 29, 2019
TO BE PUBLISHED

# Supreme Court of Kentucky

2018-SC-000534-DGE





COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND FAMILY
SERVICES

APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.           CASE NO. 2018-CA-000164-MR
HARRISON CIRCUIT COURT NO. 17-J-00016 AND 17-J-00016-001

H.C.; AND L.E., A CHILD                             APPELLEES

**OPINION OF THE COURT BY JUSTICE KELLER**

**VACATING AND REINSTATING**

In a Dependency, Neglect, and Abuse ("DNA") proceeding, the Harrison Family Court denied the indigent mother's request for expert funding and eventually found the child to be a neglected child. The mother failed to timely file her notice of appeal of that decision, but the family court permitted a belated appeal. The Court of Appeals then reversed the family court's expert funding decision, finding that the mother's constitutional due process rights were impacted. The Cabinet sought discretionary review, which this Court granted. Having reviewed the record and the applicable law, we find that the

Court of Appeals lacked jurisdiction and, as a result, we vacate the Court of Appeals' order and reinstate the order of the Harrison Family Court.

## I. BACKGROUND

H.C.[1] is the natural mother of minor child L.E. M.E. is L.E.'s natural father. On January 31, 2017, the Cabinet for Health and Family Services ("Cabinet") received a report that M.E. used intravenous drugs while caring for L.E. Both parents denied using any drugs and voluntarily submitted to a drug screen. Both parents tested positive for Buprenorphine (suboxone), but neither parent had a prescription for the drug. As a result, on February 6, 2017, the Cabinet for Health and Family Services ("Cabinet") Department for Community Based Services ("DCBS") filed a juvenile DNA petition against H.C. and M.E. On February 15, 2017, the family court found both parents to be "needy," or indigent,[2] and entitled to representation and services under KRS 31.110. The court therefore appointed counsel for each parent. The court also ordered drug screens for both parents. Over the next several months, both H.C. and M.E. consistently tested positive for suboxone.

On November 9, 2017, H.C. sought funds from the indigent funding pool[3] to hire an expert on addiction, Dr. Kelly J. Clark. Dr. Clark's testimony, she

---

[1] Due to the confidential nature of DNA proceedings, we will identify the parties by their initials.

[2] KRS 31.110(5)(a) defines "needy person" or "indigent person" as a person "unable to provide for the payment of an attorney and all other necessary expenses of representation."

[3] The fund is administered by the Finance and Administration Cabinet pursuant to KRS 31.185 and KRS 31.110.

argued, would support her defense that her use of suboxone did not impair her ability to parent. After oral argument on November 9, 2017, the family court orally denied H.C.'s motion for expert funds, finding no express statutory basis to award the requested fees. That same day, H.C. entered a Stipulation of Facts & Waiver of Formal Adjudication Hearing, in which she stipulated to the facts alleged in the petition but reserved her right to appeal the expert funding issue. The family court, therefore, made a finding of neglect. On December 21, 2017, the family court entered a final disposition order placing L.E. in the custody of her maternal grandparents.

On January 3, 2018, counsel for H.C. attempted to file a notice of appeal of the December 21, 2017 order. However, counsel failed to include a Motion to Proceed In Forma Pauperis. As a result, the Harrison Circuit Clerk mailed the notice of appeal back to counsel. Counsel then refiled the notice, along with a Motion to Proceed In Forma Pauperis, on January 25, 2018. On that same date, counsel also filed a Motion for Belated Appeal in the family court. In that motion, counsel explained that the date stamp on his copy of the final order was difficult to read, and he believed it reflected an entry date of December 27, 2017, rather than December 21, 2017. On January 26, 2018,[4] the family court granted the belated appeal, citing excusable neglect under CR 73.02(1)(d).

---

[4] The Order Granting Belated Appeal was signed January 25, 2018, but the date stamp reflects an entry date of January 26, 2017. The Court acknowledges that this is a mere clerical error and finds that the order was entered on January 26, 2018.

The Court of Appeals vacated the family court's order, finding that H.C.'s due process rights were impacted by her inability to hire an expert in her DNA case. The timeliness of the appeal was addressed only briefly in a footnote. The Court of Appeals explained,

> While the mother used the wrong mechanism and moved for a belated appeal—which must be filed, in this instance, in the Court of Appeals rather than the family court—and based the motion on a mistake in reading the date of the final order rather than failing to learn of its entry, we shall accept the court's ruling in this case and retain jurisdiction to decide the issue raised in the appeal.

The Cabinet then initiated this appeal. In addition to its position that the Court of Appeals' decision should be reversed on the merits, the Cabinet also argues that H.C.'s failure to timely appeal requires dismissal. For the reasons set forth herein, we agree that the Court of Appeals lacked jurisdiction due to H.C.'s untimely appeal.

## II. ANALYSIS

Under Kentucky Rule of Civil Procedure ("CR") 73.02(1)(a), "[t]he notice of appeal shall be filed within 30 days after the date of notation of service of the judgment or order under Rule 77.04(2)." To be properly filed, the notice must be accompanied by the necessary filing fees or, in the case of an indigent appellant, a motion to proceed in forma pauperis. *See* CR 73.02(1)(b); *Excel Energy, Inc. v. Com. Institutional Securities, Inc.*, 37 S.W.3d 713, 716 (Ky. 2000). Without the properly filed notice of appeal, the appellate court lacks jurisdiction to consider the matter. *See, e.g., City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990). As a result, a party's failure to timely file a notice of appeal "shall result in a dismissal or denial." CR 73.02(2). In other words,

the filing of the notice within the thirty-day period is mandatory "and failure to do so is fatal to the action." *Workers' Compensation Bd. v. Siler*, 840 S.W.2d 812, 813 (Ky. 1992) (citations omitted). This is true even when the appealing party makes a good faith effort to file the notice of appeal. *Id.* (citing *Jenn Wiley Health Care Center v. Commonwealth*, 828 S.W.2d 657 (Ky. 1992)). However, the rule does provide for a belated filing under limited circumstances, namely, "[u]pon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment or an order which affects the running of the time for taking an appeal." CR 73.02(1)(d). In those cases, "the trial court may extend the time for appeal, not exceeding 10 days from the expiration of the original time." *Id.*

In the present case, the trial court entered its final order on December 21, 2017. Through counsel, H.C. attempted to file a notice of appeal on January 3, 2017, within the thirty-day period. However, her failure to include a Motion to Proceed In Forma Pauperis rendered that attempted filing ineffectual. She then filed her notice of appeal and a Motion to Proceed In Forma Pauperis on January 25, 2018, after the thirty-day window expired. Recognizing her own tardiness, she sought permission from the family court to proceed under CR 73.02(1)(d). The family court found that counsel's confusion over the filing date constituted "excusable neglect" and permitted the late appeal. We disagree, however, with the family court's finding of excusable neglect.

5

This Court previously stated in *AK Steel Corp. v. Carico*, 122 S.W.3d 585 (Ky. 2003) that "a misunderstanding over the filing date is not the type of excusable neglect that would enlarge the time for filing the jurisdictional document after that time expired." *Id.* at 586. In that case, counsel confused the filing deadline with a deadline in another case involving the same issue and party. The Court first looked to CR 6.02, which permits an enlargement of time "where the failure to act was the result of excusable neglect." However, that same rule limits the court's ability to extend the time permitted to act under CR 73.02 and other rules "to the extent and under the conditions stated in them." CR 73.02, in turn, provides only one scenario in which the time to file a notice of appeal may be extended: upon "a showing of excusable neglect *based on a failure of a party to learn of the entry of the judgment* or an order which affects the running of the time for taking an appeal." CR 73.02(1)(d) (emphasis added). In addition, the rule provides little flexibility when the filing deadline has expired, as an untimely notice of appeal "*shall* result in a dismissal or denial." CR 73.02(2) (emphasis added). For these reasons, the Court in *AK Steel* concluded that "a misunderstanding over the filing date is not the type of excusable neglect that would enlarge the time for filing the jurisdictional document after that time expired." 122 S.W.3d at 586.

For the same reasons, we find that counsel's misreading of the entry date in this case is not the type of excusable neglect contemplated by CR 73.02(1)(d). H.C.'s counsel claimed that the date stamp on his photocopied order was so difficult to read that he mistook "December 21" for "December

6

27." Having reviewed that photocopied version, the Court acknowledges that it is a bit difficult to decipher. However, a misreading of the filing date is not a "failure of a party to learn of the entry of the judgment." Rather, counsel was aware that the order had been entered, and a phone call to the clerk's office or a quick online review of the case file would have revealed the actual entry date.[5] Counsel could have accomplished this well before the expiration of the thirty-day period. Accordingly, we do not find that counsel's confusion over the entry date of the family court order constitutes excusable neglect as contemplated by CR 73.02. Thus, the trial court erred in permitting the belated appeal, and the Court of Appeals lacked jurisdiction. Because the Court of Appeals lacked jurisdiction, we must vacate its August 17, 2018 Opinion and reinstate the order of the family court.

## III.   CONCLUSION

For the reasons set forth above, we find that H.C. failed to timely file her appeal of the trial court's December 21, 2017 Order. As a result, the Court of Appeals lacked jurisdiction to consider her appeal. Accordingly, we hereby vacate the Court of Appeals' decision and reinstate the December 21, 2017 Order of the Harrison Family Court.

All sitting. All concur.

---

[5] The Court also notes that the original Notice of Appeal, filed January 3, 2017, references "the final disposition order entered December 21, 2017." This suggests that counsel was aware of the accurate date of entry as early as January 3, 2017.

COUNSEL FOR APPELLANT, COMMONWEALTH OF KENTUCKY, CABINET FOR HEALTH AND FAMILY SERVICES:

Mark Stephen Pitt
Stephen Chad Meredith
Matthew Kuhn
Office of the Governor

Mona Sabie Womack
Deputy General Counsel, Cabinet for Health and Family Services

Johann Frederick Herklotz
Matthew Kleinert
Cabinet for Health and Family Services


COUNSEL FOR APPELLEE, H.C.:

Joshua Andrew Kelly McWilliams
McWilliams Law Office

COUNSEL FOR APPELLEE, L.E., A CHILD:

Todd Kirt Kellett