RENDERED: MAY 10, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0533-MR

CITY OF COVINGTON, KENTUCKY                                    APPELLANT

v.                      APPEAL FROM KENTON CIRCUIT COURT
                        HONORABLE PATRICIA M. SUMME, JUDGE
                        ACTION NO. 23-CI-00171

COVINGTON BOARD OF
ARCHITECTURAL REVIEW AND
DEVELOPMENT; DALTON
BELCHER, IN HIS OFFICIAL
CAPACITY AS THE ZONING
ADMINISTRATOR FOR THE CITY
OF COVINGTON; ELLA FRYE,
JAMES SCHAFER, MD, JANET
CREEKMORE, LARRY MOSTELLER;
MICHAEL GENTRY, REBECCA
WEBER, AND STEVEN CODY
CHITWOOD, ALL IN THEIR
OFFICIAL CAPACITIES AS
MEMBERS OF THE COVINGTON
BOARD OF ARCHITECTURAL
REVIEW AND DEVELOPMENT;
AND SKLO ACQUISITIONS, LLC                                      APPELLEES

** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  The City of Covington ("Covington") appeals from an order of the Kenton Circuit Court dismissing its action against the Covington Board of Architectural Review and Development ("the Board") and SKLO Acquisitions, Inc. ("SKLO").  We affirm.

**Factual and Procedural Background**

SKLO owns property on Russell Street in Covington that it desires to rent to a dog kennel business.  First, SKLO applied to have the property rezoned from Traditional Urban Mixed Use ("TUMU") to Limited Industrial.  The Kenton County Planning Commission denied the request.  SKLO did not appeal. Believing that a kennel qualified as a permissible "Service-Oriented Use" in a TUMU district, SKLO's contractor – hired to renovate the building to make it appropriate for the kennel business – applied for a Certificate of Appropriateness ("COA") on behalf of SKLO.  The application was denied by Covington's Zoning Administrator.  SKLO appealed the decision to the Board, which conducted an extensive hearing that included public comment.  The Board ultimately reversed the decision of the Zoning Administrator.  Covington filed an appeal in Kenton Circuit Court pursuant to Kentucky Revised Statute ("KRS") 100.347.  SKLO filed

a motion to dismiss for lack of standing and the circuit court granted the motion. This appeal followed.

**Standard of Review**

This appeal turns on interpretation of KRS 100.347(1). Statutory interpretation is a question of law, which we review *de novo*. *Saint Joseph Hosp. v. Frye*, 415 S.W.3d 631, 632 (Ky. 2013).

**Analysis**

The issue before us is extremely narrow and involves the right to appeal a decision of the Board as created by statute. Specifically, KRS 100.347(1) provides

> [a]ny person or entity claiming to be injured or aggrieved by any final action of the board of adjustment shall appeal from the action to the Circuit Court of the county in which the property, which is the subject of the action of the board of adjustment, lies. Such appeal shall be taken within thirty (30) days after the final action of the board. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review. The board of adjustment shall be a party in any such appeal filed in the Circuit Court.

The circuit court dismissed the action finding that Covington did not have standing because "being a city is in and of itself" insufficient to find that it is an entity "which has been injured or aggrieved." We agree the circuit court should have dismissed the action, but for slightly different reasons.

Turning to Covington's complaint filed in the circuit court, we note that it claimed to be injured or aggrieved in the following enumerated paragraphs of the complaint:

25. The decision of [the Board] is contrary to the law and provisions of [KRS Chapter 100], and the Zoning Code of Covington.

26. The decision that the use described by [SKLO] is a permitted use in the TUMU zone is wrong and is arbitrary and capricious and an abuse of [the Board's] delegated powers. The decision was a political decision driven by affection for animals and not by law or fact.

27. The decision of [the Board] in overturning the denial of a [COA] bears no reasonable relation to the intent or the letter of the zoning code.

28. [The Board] misinterpreted the language of the Covington Zoning Code in determining that [SKLO's] proposed use was permitted in the TUMU zone.

Although Covington did use the words "injured or aggrieved" in its complaint, use of those words alone is not necessarily required or dispositive. Rather, "a complaint pursuant to KRS 100.347(1) must reflect how the plaintiff fits into the statutory language authorizing an appeal." *Kenton Cnty. Board of Adjustment v. Meitzen*, 607 S.W.3d 586, 593 (Ky. 2020). Here, Covington's complaint is simply a legal criticism of the Board's decision. It fails to state how Covington is injured or even how it is affected at all by the Board's decision. Further, a

-4-

right to appeal as granted by the General Assembly in KRS 100.347(1) creates a jurisdiction issue. While admittedly the statute has a standing component – that a party must be "injured or aggrieved" by the board's action – in order for a circuit court to exercise jurisdiction that party must *claim* their injury in the complaint.

*Id.* at 598.

In other words, not only does Covington have *to be* "injured or aggrieved" to have statutory standing, but it must *claim* the injury in the complaint in order for the circuit court to have jurisdiction.[1] Covington failed to do so. Simply stating that it is "injured or aggrieved" without any factual basis is not enough.

"The right to appeal the decision of an administrative agency to a court is a matter of legislative grace." *Nickell v. Diversicare Mgmt. Servs.*, 336 S.W.3d 454, 456 (Ky. 2011). "[T]he failure to follow the statutory guidelines for such an appeal is fatal." *Triad Dev./Alta Glyne, Inc. v. Gellhaus*, 150 S.W.3d 43, 47 (Ky. 2004). Because Covington failed to follow the strict statutory requirement of KRS 100.347(1) by claiming how it is injured or aggrieved by the Board's decision, the circuit court was correct to dismiss the action.

---

[1] "[I]n order for the circuit court to have jurisdiction, [a plaintiff] must also strictly comply with KRS 100.347(1)." *Meitzen*, 607 S.W.3d at 598.

-5-

## Conclusion

For the foregoing reasons, the order of the Kenton Circuit Court is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Jeffrey C. Mando
Jennifer L. Langen
David E. Davidson
Sheree E. Weichold
Covington, Kentucky

BRIEF FOR APPELLEE SKLO
ACQUISITIONS, LLC:

Emily Cooney Couch
Cincinnati, Ohio