RENDERED: JUNE 20, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0631-MR

DR. ELIZABETH L. ROGERS                  APPELLANT

v.                APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE LUCY A. VANMETER, JUDGE
ACTION NO. 24-CI-00996

LEXINGTON-FAYETTE URBAN
COUNTY BOARD OF ADJUSTMENT
AND ITS MEMBERS, BOB J.
STURDIVANT; CAROLYN J.
PLUMLEE; CHAD T. WALKER;
LINDA TUCKER; P. BRANDEN
GROSS; RAQUEL E. CARTER; AND
W. HARRY CLARKE, IN THEIR
OFFICIAL CAPACITIES                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND ECKERLE, JUDGES.

CETRULO, JUDGE: Dr. Elizabeth Rogers ("Rogers") appeals from an order of

the Fayette Circuit Court dismissing her complaint/appeal regarding a zoning

decision made by the Lexington-Fayette Urban County Board of Adjustment (the

"Board").  After review of the record and applicable law, we affirm the circuit court's order.

## BACKGROUND

The relevant facts of this case are not in dispute.  Rogers owns the subject property with her husband, Kenneth Rogers ("Kenneth"), in Lexington, Fayette County, Kentucky.  In January 2024, Rogers applied for a conditional use permit to operate an unhosted short-term rental at the subject property.  On February 12, 2024, the Board denied Rogers's application.

Subsequently, Rogers filed a complaint/appeal against the Board pursuant to Kentucky Revised Statute ("KRS") 100.347, in the Fayette County Circuit Court.  On March 26, 2024, the Board moved to dismiss the complaint/ appeal due to Rogers's failure to make Kenneth a party pursuant to KRS 100.347(4), which resulted in a failure to timely perfect the statutory appeal and deprived the circuit court of jurisdiction.  The circuit court agreed with the Board and entered an order dismissing Rogers's complaint/appeal.  Rogers appealed to this Court.

## ANALYSIS

"The question of jurisdiction is ordinarily one of law, meaning that the standard of review to be applied is *de novo*."  *Harrison v. Park Hills Bd. of Adjustment*, 330 S.W.3d 89, 93 (Ky. App. 2011) (quoting *Appalachian Reg'l*

*Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53-54 (Ky. 2007)) (emphasis added). Kentucky courts "acknowledge the authority of the General Assembly to prescribe by statute the procedures for seeking and securing judicial review of an administrative ruling. Out of deference to that authority, we require strict compliance with the statutory procedures." *Isaacs v. Caldwell*, 530 S.W.3d 449, 453 (Ky. 2017) (citing *Triad Dev./Alta Glyne, Inc. v. Gellhaus*, 150 S.W.3d 43, 47 (Ky. 2004)). "The right to appeal the decision of an administrative agency to a court is a matter of legislative grace." *Kenton Cnty. Bd. of Adjustment v. Meitzen*, 607 S.W.3d 586, 593 (Ky. 2020) (quoting *Nickell v. Diversicare Mgmt. Servs.*, 336 S.W.3d 454, 456 (Ky. 2011)). "Consequently, the failure to follow the statutory guidelines for such an appeal is fatal." *Id.* (quoting *Gellhaus*, 150 S.W.3d at 47) (internal quotation marks omitted).

Likewise, statutory interpretation "is a matter of law" that we review *de novo*. *Monumental Life Ins. Co. v. Dep't of Revenue*, 294 S.W.3d 10, 19 (Ky. App. 2008) (citing *Commonwealth v. Garnett*, 8 S.W.3d 573, 575-76 (Ky. App. 1999)). "[T]he plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source." *Maysey v. Express Servs., Inc.*, 620 S.W.3d 63, 71 (Ky. 2021) (quoting *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017)) (internal quotation marks omitted).

Rogers argues that the circuit court erred in dismissing her complaint/appeal because, while Kenneth is an owner of the subject property, KRS 100.347(4) only required *an* owner to "be made part[y] to the appeal." Conversely, the Board argues that KRS 100.347(4) required Rogers to make Kenneth a party in the complaint, and her failure to strictly comply with this provision deprived the circuit court of jurisdiction. We agree with the Board.

Failure to "strictly comply with a statute in taking an administrative appeal" deprives a court of particular-case jurisdiction. *Louisville Hist. League, Inc. v. Louisville/Jefferson Cnty. Metro Gov't*, 709 S.W.3d 213, 223-24 (Ky. 2025) (citations omitted).[1] A party must perfect an appeal from a "final action of a board of adjustment" within 30 days. KRS 100.347(1). Further, the statute mandates that "**the owner** of the subject property and applicants who initiated the proceeding **shall** be made parties to the appeal." KRS 100.347(4) (emphasis added).

Here, there is no dispute that the Board filed its motion, and the circuit court entered its order after the 30-day window for Rogers to perfect her appeal elapsed. Thus, the only question before us is whether KRS 100.347(4) requires Kenneth, also a recorded owner of the subject property, to be named as an

---

[1] We note that the circuit court's order stated it was deprived of subject matter jurisdiction. In its recent analysis of KRS 100.347(1), our Supreme Court made clear that, when a party does not strictly comply with the procedures in the statute enabling the administrative appeal, the "errors in the procedural invocation of a court's jurisdiction [] relate to particular-case jurisdiction, not general subject-matter jurisdiction." *Id*. at 224 (citations omitted).

indispensable party in the action. While we can find no authority directly on point, we find *Harrison v. Park Hills Bd. of Adjustment*, instructive.

In *Harrison*, the appellants failed to name all the "applicants who initiated the proceeding" in their KRS 100.347 action. 330 S.W.3d at 92-95. The appellees filed a motion to dismiss based "on the appellants' failure to name" all the initiating applicants and, thus, their failure to strictly comply with KRS 100.347(4). *Id.* at 92. This failure, the appellees argued, deprived the circuit court of jurisdiction. *Id.* The circuit court agreed and dismissed the complaint/appeal. *Id*. at 92-93. On appeal, this Court held that the appellants' failure to make all the initiating applicants parties to the complaint/appeal constituted a failure to strictly comply with the mandatory procedures of KRS 100.347(4), and we affirmed the circuit court's dismissal of that complaint/appeal. *Id.* at 95-97.

Here, both Rogers and the Board point us to KRS 446.020(1) for the proposition that "[a] word importing the singular number only may extend and be applied to several persons or things, as well as to one (1) person or thing[.]" Rogers argues that because KRS 100.347(4) uses the phrase "**the** owner," KRS 446.020(1) supports her position that only a singular owner party was required to strictly comply with KRS 100.347(4). However, she does not point us to, and we have not found, any authority that would persuade us to interpret the provisions of KRS 100.347 in this manner. To the contrary, Rogers's brief asserts that "[t]he

legislature's intent behind KRS § 100.347 is clear: the applicant, property owner, and board of adjustment must all receive notice of administrative appeals." We agree with this statement, but point out that because Kenneth also owned the subject property, the intent was that he would receive notice of an administrative appeal involving his property, and thus, this statement cuts against Rogers's argument.[2]

The Board argues that KRS 446.020(1) enables the phrase "**the** owner" to encompass all owners of property subject to a KRS 100.347 action. In light of this Court's decision in *Harrison* and the plain language of the statute, we agree.

If the legislature intended to limit the requirements of KRS 100.347(4) to only necessitate one owner, then surely it would have elected to use a word akin to **an**, rather than **the**. Here, Rogers was *an owner* of the subject property, and Kenneth was also *an owner* of the subject property; thus, *the* owners were Rogers **and** Kenneth. As such, the plain language of KRS 100.347(4) mandated that Kenneth be made a party to Rogers's complaint/appeal. *See Maysey*, 620 S.W.3d at 71 (citation omitted). Although KRS 100.347(4) imports

---

[2] We also note that not all joint property owners are married couples, and not all married couples that jointly own property live together or regularly communicate with each other. Therefore, Rogers's desire for us to treat her and "her husband as a single legal unit for the purposes of this case" asks us to create spousal carveout for KRS 100.347(4) that would cut against the legislature's intent, and for which she has provided no authoritative support.

the singular phrase "the owner," that singular phrase may apply to several owners. *See* KRS 446.020(1). Rogers failed to timely make Kenneth a party to the complaint/appeal and, thus, failed to strictly comply with KRS 100.347(4). This was fatal to her appeal to the circuit court. *See Harrison*, 330 S.W.3d at 96.

## CONCLUSION

Accordingly, we AFFIRM the order of the Fayette Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Patrick T. Eavenson
Lexington, Kentucky

BRIEF FOR APPELLEES:

Brittany Griffin Smith
Lexington, Kentucky